970 So.2d 1015 (2007)
Brian VOLTOLINA
v.
ST. TAMMANY FIRE DISTRICT 12.
No. 2006 CA 1498.
Court of Appeal of Louisiana, First Circuit.
September 19, 2007.
*1016 Delbert G. Talley, Covington, Counsel for Plaintiff/Appellant Brian Voltolina.
Patrick J. Berrigan, D. Rex English, Slidell, Counsel for Defendant/Appellee St. Tammany Fire District 12.
Before: KUHN, GAIDRY, and WELCH, JJ.
GAIDRY, J.
In this civil service appeal, plaintiff, Brian Voltolina, appeals his dismissal from St. Tammany Fire Protection District No. 12. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Brian Voltolina, was an operator with St. Tammany Fire Protection District No. 12. On February 24, 2005, Voltolina was given a letter notifying him of a pre-termination hearing. The letter stated that as a result of several recent incidents, it appeared that Voltolina lacked the physical or psychological ability to perform the duties required of an operator. The letter set forth the allegations against him and referred to his performance at two structure fires, one on January 8, 2005 and one on January 29, 2005:
It has been alleged that on January 8, 2005, while fighting a structure fire at 70419 Sixth Street that you allowed Captain Truett to go to the second floor with a hose pipe and not accompany him when you knew it to be your duty to be with him at all times. Further, that only after Captain Kevin Adams ordered you to go upstairs did you proceed up the stairwell. This incident is not isolated, and it is Captain Kevin Adams' opinion that firefighters on his shift do not trust you to stay with them on entering a burning building.
Further, on January 29, 2005, at approximately 07:10 while working a structure fire at 21272 Camellia Street, that Captain Truett had to order you to enter the structure to assist Captain Stephen Krentel, who had entered the structure ahead of you and who viewed you approximately 30 feet from the front door and headed his way, but after several minutes of fighting the hose line and trying to advance it himself, that you appeared. He advised that you shouted something about it being hot inside and about a nomex and you disappeared out the front door. A few minutes later, Captain Rodick came to work with Captain Stephen Krentel. You were advised that there were children inside so every minute was very important. This obvious lack of discipline and disobeying of orders has an effect, not only upon yourself, but upon the entire rank and file of the Fire District.
*1017 After the pre-termination hearing, Voltolina was terminated by Fire Chief Darrel Guillot.[1] At Voltolina's request, a hearing was then held before the Civil Service Board, and the Board upheld the termination, finding that Chief Guillot acted in good faith and for just cause in making the decision to terminate Voltolina. Voltolina appealed his termination to the 22nd Judicial District Court, and that court agreed with the Civil Service Board that Voltolina's actions were just cause for termination. The district court also found that the Civil Service Board acted in good faith in upholding Voltolina's termination. Voltolina appealed the district court judgment, alleging that the judge erred in finding that just cause existed for his termination, that the Civil Service Board acted in good faith, that there was no violation of due process or the Fire Service Employee's Bill of Rights, and that the punishment was commensurate with the offense.

DISCUSSION
Louisiana Revised Statutes 33:2560 governs corrective and disciplinary action for maintaining standards of service for fire and police departments. It provides that the appointing authority can remove any employee from service, or take such disciplinary action as is warranted by the circumstances, for the following reasons:
(1) Unwillingness or failure to perform the duties of his position in a satisfactory manner.
(2) The deliberate omission of any act that it was his duty to perform.
(3) The commission or omission of any act to the prejudice of the departmental service or contrary to the public interest or policy.
. . . .
An employee who has been discharged and feels that his discharge was not for just cause may request a hearing and investigation by the Civil Service Board to determine the reasonableness of the action. La. R.S. 33:2561(A). After its investigation, the board may either affirm the appointing authority's action or, if it finds that the action was not taken in good faith for just cause, order reinstatement or reemployment. La. R.S. 33:2561(C). The Civil Service Board's decision may be appealed to the district court for a determination of whether the board's decision was made in good faith for cause under the provisions of La. R.S. 33:2531-2569. La. R.S. 33:2561(E).
After reviewing the record, it is clear that Voltolina's termination was warranted under La. R.S. 33:2560(1), (2), and (3), and we see no evidence that the Civil Service Board acted in bad faith in upholding his termination under these circumstances.
In his next assignment of error, Voltolina argues that he was denied due process because the fire department maintained a confidential file on him, in violation of La. R.S. 33:2183. Louisiana Revised Statutes 33:2183 is a part of the "Fire Employee's Rights" subpart, which is comprised of La. R.S. 33:2181-86. Section 2183 states that:
A. No fire employee shall have any comment adverse to his or her interest entered in his or her personnel file or any other file used for any personnel purposes by his employer without the fire employee having first read and signed the instrument containing the adverse comment indicating that he or she is aware of such comment, except that such entry may be made if, after reading *1018 such instrument, the fire employee refuses to sign it. . . .
B. A fire employee shall have thirty days within which to file a written response to any adverse comment entered in his or her personnel file. Such written response shall be attached to and shall accompany the adverse comment.
The evidence in the record suggests that there was a violation of La. R.S. 33:2183 in Voltolina's case. Jamie Truett, Voltolina's former supervisor, sent a letter to Chief Guillot in which he requested a fit-for-duty evaluation for Voltolina and expressed his concerns that Voltolina was unable, either physically or mentally, to perform satisfactorily as a fireman. In the letter, Truett outlined the various incidents involving Voltolina which prompted his concerns. This letter, dated February 1, 2005, was marked "CONFIDENTIAL" and was not shown to Voltolina so that he could sign it and respond to it before it was placed in a file by Chief Guillot.
Despite this violation of La. R.S. 33:2183, we disagree with Voltolina's conclusion that he was denied due process in the termination proceedings. While the "Fire Employee's Rights" subpart establishes certain rights, there are no remedies established for violations of its provisions. If the legislature had intended for there to be a remedy, it certainly could have provided one. In fact, a different provision of the "Fire Employee's Rights" than the one at issue here, La. R.S. 33:2181, was amended this year to provide a penalty for failure to comply with the provision. Under the amended statute, any adverse action taken against a fire employee would be absolutely null if his rights under the statute were not upheld. 2007 La. Session Law Serv. Act 258. Notably, neither La. R.S. 33:2183, nor any other provision of the "Fire Employee's Rights," was amended when La. R.S. 33:2181 was. Voltolina provides no support, and we can find none, for his conclusion that due process in a termination proceeding requires compliance with La. R.S. 33:2183. Furthermore, Voltolina's due process rights were satisfied by the February 24, 2005 letter and the pre-termination hearing, as he was given notice of the charges against him, an explanation of his employer's evidence, and an opportunity to present his side of the story. See Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Thus, this assignment of error is without merit.
Voltolina's final assignment of error is that the punishment in this case was out of proportion to the offense. Louisiana Revised Statutes 33:2560 provides for removal of an employee from service, or other appropriate disciplinary action against an employee, for actions such as Voltolina's. Voltolina argues that a lesser disciplinary action than termination would be appropriate for his actions and omissions. We disagree. Voltolina's actions in leaving his partner inside a fire alone or failing to follow his partner into a fire not only endangered the lives of those firemen, but also affected the esprit de corps of the fire department. Testimony in the record established that other firemen were hesitant to work a fire with Voltolina for fear they would be left alone. Under these circumstances, we simply cannot agree with Voltolina that termination was inappropriate.

DECREE
The judgment upholding Voltolina's termination is affirmed. Costs of this appeal are assessed to appellant, Brian Voltolina.
AFFIRMED.
NOTES
[1] According to Joseph Mitternight, Chairman of the Board of Commissioners of Fire District 12, the Board of Commissioners delegated the authority to hire and fire to Chief Guillot because the Board was not involved in the day-to-day operations of the department.