MARC E. JOHNSON, Judge.
 

 12This appeal arises from the granting of a Motion for Summary Judgment in favor of Defendant/Appellee, St. Charles Parish School Board (hereinafter referred to as “the Board”), and against PlaintiffiAppel-lant, Philip Monier, Jr., from the 29th Judicial District Court, Division “E”. For the following reasons, we affirm the decision of the trial court.
 

 FACTS AND PROCEDURAL HISTORY
 

 According to the record, the Board hired Plaintiff as a special education teacher on June 6, 2007. The school board assigned Plaintiff to teach a “severe and profound” class at Hahnville High during the 2008-2009 school year. On August 20, 2008, Luana Comardelle, a para-educator assigned to assist Plaintiff with his class, filed an Incident Report claiming Plaintiff used excessive force in restraining a special needs student (hereinafter referred to as “C.T.”)
 
 [1]
 
 by grabbing and twisting his arm, and then hitting him on top of the head with a closed fist.
 

 Erick Treuting, the Human Resources Assistant, conducted an investigation of the alleged incident. He advised Plaintiff of the complaint filed by Ms. |3Comardelle. Mr. Treuting took Plaintiffs written statement and the written statements of several others from the school. Lorel Gonzales, Principal of Hahnville High, also discussed the incident with Plaintiff and gave him the opportunity to explain his side of the incident.
 

 Mr. Treuting concluded his investigation of the incident on August 22, 2008. He reported to Principal Gonzales that, in his professional opinion, Plaintiff did use excessive force when restraining C.T. In turn, Principal Gonzales recommended to Felicia Gomez, the Assistant Superintendent, that Plaintiff be suspended without pay for a duration to be determined by the Superintendent, Dr. Rodney Lafon. Ms. Gomez approved the recommendation and submitted it to Dr. Lafon. Dr. Lafon authorized a two-day suspension without pay. On August 25, 2008, Paul Gibson, the Human Resources Director, informed Plaintiff of his two-day suspension without pay.
 

 On August 27, 2008, Plaintiff wrote Dr. Lafon a letter protesting that he had not been afforded his rights pursuant to LSA-R.S. 17:416.18, the Teacher Bill of Rights statute. In his letter, Plaintiff asserted
 
 *733
 
 that he had a right to self-defense and had a duty to protect his students. On August 29, 2008, Dr. Lafon responded through a reply letter and advised Plaintiff that he had been afforded opportunities to explain his side of the incident, and he had received ample procedural due process. Dr. Lafon found there was no reason to afford Plaintiff any further hearing and invited Plaintiff to prepare a rebuttal to the two-day suspension in accordance with the Board’s policy. In accordance with those procedures, Dr. Lafon also informed Plaintiff that his rebuttal would be made a part of his permanent personnel record.
 

 On October 17, 2008, Plaintiff requested extended sick leave through December 3, 2008. Plaintiff cited extreme anxiety, per his physician’s letter, as the Rreason for requesting the sick leave. In a letter dated October 15, 2008, Plaintiffs physician, Dr. Eric Engeron, explained that he felt it was medically necessary that Plaintiff be granted an extended leave of thirty (30) days due to Plaintiffs extreme anxiety related to his work situation. Plaintiffs extended sick leave request was granted the same day he submitted it. On January 5, 2009, Plaintiff tendered a letter of resignation from his position as a special education teacher at Hahnville High to the Board.
 

 Plaintiff filed a suit against the Board on August 3, 2009. In the action, Plaintiff sought repayment from the Board for the two days of pay he lost during the suspension, damages for failure to provide a safe learning and teaching environment, and any other damages the trial court would find to be appropriate. The Board answered the petition and subsequently filed a Motion for Summary Judgment on December 16, 2009.
 

 At the hearing on the Motion for Summary Judgment held on January 21, 2010, the trial court granted the Board’s motion. The trial court found the Board did conduct an investigation and afforded Plaintiff administrative due process, and there were no remaining genuine issues of material fact. Additionally, the trial court found there is no private cause of action created under the Teacher Bill of Rights and found no genuine issue of material fact on that claim. The judgment was signed on January 28, 2010, dismissing Plaintiffs action with prejudice at Plaintiffs cost. The instant appeal was filed by Plaintiff to review the trial court’s granting of the summary judgment in favor of the Board.
 

 ASSIGNMENTS OF ERROR
 

 On appeal, Plaintiff alleges the trial court erred by 1) granting the summary judgment because there were issues of fact that were in dispute regarding the two-day suspension and loss of pay; 2) finding that the issues of failure to provide a |5safe place to teach and the resultant stress placed on Plaintiff were addressed under LSA-R.S. 17:416.18; 3) not addressing the issue of damages which Plaintiff claimed because he was not a tenured employee; and, 4) granting the summary judgment when no evidence was presented by defense counsel and considering only argument.
 

 LAW AND ANALYSIS
 

 Assignment of Error 1
 

 Plaintiff alleges that the trial court erred by granting the summary judgment because there were genuine issues of material fact remaining in regard to his two-day suspension from work and his loss of pay. Plaintiff argues that the issue before the trial court was not whether he used excessive force toward C.T.; conversely, Plaintiff argues that the issue properly before the trial court was whether he contracted to be a bouncer in his special edu
 
 *734
 
 cation class. Plaintiff further argues the issue is not one that summary judgment should be used to determine.
 

 In response to Plaintiffs argument, the Board asserts Plaintiff was afforded all rights of due process to which he was entitled. Additionally, the Board asserts that Plaintiff was a non-tenured teacher with no property interest in his job, and Plaintiff could be freely terminated by merely articulating a valid reason. Because Plaintiff lacked the property right predicate, the Board argues that he was not entitled to a hearing and has no legal cause for violation of due process.
 

 Appellate courts review summary judgments
 
 de novo,
 
 using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, asking whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 State ex rel. Dept. of Transp. and Development v. Central Gulf Towing, L.L.C.,
 
 07-166, 07-167, p. 4 (La.App. 5 Cir. 10/30/07); 971 So.2d 1163, 1164,
 
 writ denied,
 
 07-2304 (La.1/25/08); 973 So.2d 761. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute.
 
 Id.
 
 A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.
 
 Id., citing Hines v. Garrett,
 
 04-0806 (La.6/25/04); 876 So.2d 764.
 

 The mover in a motion for summary judgment bears the burden of proof; however, the mover needs only to “point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim ...”
 
 Fossier v. Jefferson Parish,
 
 07-926, p. 9 (La. App. 5 Cir. 4/15/08); 985 So.2d 255, 259,
 
 citing
 
 LSA-C.C.P. art. 966(C)(2). If a defendant moving for summary judgment has made a prima facie showing that the motion should be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain.
 
 Id.
 
 The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.
 
 Hutchinson v. Knights of Columbus, Council No.
 
 5747, 03-1533, p. 7 (La.2/20/04); 866 So.2d 228, 233.
 

 In the instant case, we find that the issue that was properly before the trial court was whether there were any genuine issues of material fact regarding Plaintiffs entitlement to the repayment of the salary lost as a result of his two-day suspension. The trial court found that there were no genuine issues of material fact and that Plaintiff was afforded administrative due process through the Board’s investigation into the complaint raised against him, which provided an opportunity to explain his side of the incident. We agree with the trial court.
 

 The requirements of procedural due process apply only to the deprivation of |7interests encompassed by the Fourteenth Amendment’s protection of liberty and property.
 
 Board of Regents v. Roth,
 
 408 U.S. 564, 570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). When protected interests are implicated, the right to some kind of prior hearing is paramount.
 
 Id.
 
 Due process is a flexible standard and calls for such procedural protections as the particular situation demands.
 
 Wilson v. Jefferson Parish Department of Parks & Recreation, 95-
 
 470, p. 5 (La.App. 5 Cir. 1/17/96); 668 So.2d 1167, 1170,
 
 writ denied,
 
 96-0413 (La.4/19/96, 671 So.2d 927),
 
 citing Morrissey v. Brewer,
 
 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Due process is not a technical conception with a
 
 *735
 
 fixed content regardless of the time, place and circumstances.
 
 Frye v. Louisiana State University Medical Center in New Orleans,
 
 584 So.2d 259, 261 (La.App. 1st Cir.1991).
 

 Here, Plaintiff was suspended for two days without pay as a result of the complaint he used excessive force on C.T. Plaintiff was given notice of the disciplinary action by the Board and was afforded the opportunity to defend himself against the complaint, which he did exercise. We adopt the view of the Louisiana First Circuit in finding that the right to notice and a hearing depends upon the nature of the private interest involved.
 
 See Frye v. Louisiana State University Medical Center, supra.
 
 In
 
 Frye,
 
 the court declined to find the private interest of one day’s pay significant enough to require a due process notice and hearing.
 
 Id.
 
 at 262. Likewise, we also decline to find Plaintiffs loss of pay from a two-day suspension requires notice and a hearing.
 

 After reviewing the circumstances of this case, we find that there were no remaining issues of material fact because Plaintiff had no right to an administrative hearing regarding his two-day suspension. Therefore, we find that this assignment of error has no merit.
 

 1
 
 sAssignments of Error 2 and
 
 3
 
 [2]
 

 Plaintiff argues that, although he was a non-tenured teacher, a safe place to teach is a protected right under both state and federal law. Plaintiff asserts that it is clear from his affidavit that C.T. is a large individual and has a history of violent behavior. Plaintiff also argues that the issue of his right to damages was not addressed by the trial court. Plaintiff avers that he was forced to use sick leave due to the stress of the lack of order in his classroom and persistent violence directed towards him. Plaintiff asserts the Board constructively terminated him by refusing to follow LSA-R.S. 17:416.18.
 

 The Board counters Plaintiffs position by arguing that Plaintiff tendered a letter of resignation, and he admitted that no one from the Board asked him to resign or forced him to resign. The Board also argues that Plaintiffs letter of resignation provides no reason for his resignation. Additionally, the Board argues the Teacher Bill of Rights does not guarantee freedom from job stress and does not provide Plaintiff with any independent cause of action or right of redress.
 

 LSA-R.S. 17:416.18 provides the following regarding a safe teaching environment:
 

 (5) A teacher has the right to teach in a safe, secure, and orderly environment that is conducive to learning and free from recognized dangers or hazards that are causing or likely to cause serious injury in accordance with R.S. 17:416.9 and 416.16.
 

 The trial court found there was no private cause of action that is created under the Teacher Bill of Rights and found no genuine issue of material fact regarding Plaintiffs claim. We agree. The Louisiana legislature did not provide for a remedy to any violation of the rights afforded in the Teacher Bill of Rights. If the legislature intended for there to be a remedy, it certainly could have provided one.
 
 See Voltolina v. St. Tammany Fire Dist. 12,
 
 06-1498, p. 5 (La.App. 1 Cir. 9/19/07); 970 So.2d 1015, 1018. Because there is no remedy that is afforded by the Teacher Bill of Rights, Plaintiffs claims under that statute do not give rise to a cause of action.
 

 Therefore, we find that the trial court did not err in granting the summary judgment on issues concerning the Teacher Bill
 
 *736
 
 of Rights. These assignments of error lack merit.
 

 Assignment of Error k
 

 Plaintiff argues that the summary judgment granted by the trial court was not supported by the record or law. Plaintiff asserts the only affidavits in the record are his affidavits, and there were no depositions filed by the Board. As a result, Plaintiff also argues there was no evidence submitted to the trial court on which it could grant a summary judgment.
 

 LSA-C.C.P. art. 966(A)(1) states,
 

 The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiffs motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
 

 LSA-C.C.P. art. 966(B) further states, “[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
 

 In support of its Motion for Summary Judgment, the Board submitted unsworn statements from four of Plaintiffs coworkers who witnessed Plaintiff interact with C.T. on different occasions, letters regarding Plaintiffs investigation and the disciplinary action taken against him, Plaintiffs request for extended sick leave, and Plaintiffs letter of resignation. In support of his opposition to the Motion for Summary Judgment, Plaintiff submitted an affidavit attesting to his |inrecount of incidents involving C.T., a statement of Webster’s Dictionary definition of “bouncer,” and copies of LSA-R.S. 17:416.18, LSA-R.S. 14:18, and LSA-R.S. 14:19.
 

 A document which is not an affidavit or sworn to in any way, or which is not certified or attached to an affidavit, is not of sufficient evidentiary quality to be given weight in determining whether or not there remain genuine issues of material fact.
 
 Murphy v. L & L Marine Transp., Inc.,
 
 97-38, p. 6 (La.App. 5 Cir. 5/28/97); 695 So.2d 1045, 1048.
 

 The Board did not submit statements of witnesses that could be given weight in determining whether or not there remained genuine issues of material fact. On the other hand, Plaintiffs self-serving affidavit attested to his innocence in reference to the incident involving C.T., and not to whether he was entitled to a due process administrative hearing. Plaintiffs affidavit was irrelevant to the issue before the trial court. Because of these facts, we must consider the pleadings and admissions on file to determine whether the summary judgment should have been granted.
 

 In order for the Board to succeed on its Motion for Summary Judgment, it had to prove that Plaintiff was not entitled to a due process hearing. In the Board’s Statement of Undisputed Material Fact, it was uncontested that Plaintiff was a nontenured teacher who was suspended for two days for an incident that occurred with C.T. With the support of the jurisprudence cited in the previous assignments of error, this information alone is sufficient to prove that there were no remaining genuine issues of material fact as to whether Plaintiff was denied any due process rights.
 

 Therefore, we find this assignment of error lacks merit.
 

 DECREE
 

 |nBased upon the foregoing, we find that the trial court did not err in granting the
 
 *737
 
 Board’s Motion for Summary Judgment. Plaintiff is to bear the costs of this appeal.
 

 AFFIRMED
 

 [1]
 

 . Pursuant to Rules 5-1 and 5-2 of the Uniform Rules — Courts of Appeal, the initials of the juvenile involved in this matter will be used to protect the minor’s identity.
 

 [2]
 

 . Assignments of error two and three are interrelated and will be addressed together.