GUIDRY, Justice,
dissents and assigns reasons.
LI respectfully dissent from the majority’s holding that the legislature intended, albeit implicitly, to allow a private right of action under the Health Care and Consumer Billing and Disclosure Protection Act, La.Rev.Stat. 22:1871 et seq. (more com *587 monly referred to as the “Balance Billing Act”). In my view, the majority inordinately focuses on what the legislature did not do, that is expressly disallow a private right of action, rather than on what the legislature actually did. There is no doubt that the legislature perceived a problem with improper billing practices and sought to prohibit health care providers from collecting or attempting to collect from an insured patient any amount either owed by the health insurer or in excess of the contracted reimbursement rate. La.Rev.Stat. 22:1874(A)(1). Consequently, the legislature outlawed such practices and then expressly provided two types of remedies for enforcing that prohibition.
First, if the insured receives a bill or statement in contravention of La.Rev.Stat. 22:1874(A), the insured may file a complaint with the Consumer Protection Division of the Department of Justice. La. Rev.Stat. 22:1877(A)(1). If the attorney general concludes that a health care provider has attempted to collect or has collected any amount from the insured that is the liability of the health insurer or that is in excess of the contracted reimbursement rate, “the attorney general may pursue remedies as provided for in R.S. 51:1401 et seq., beginning with a |2notice of unfair trade practices.” La.Rev.Stat. 22:1877(A)(3) (emphasis supplied). The legislature thus specifically provided that the attorney general may pursue such remedies under La.Rev.Stat. 51:1401 et seq., otherwise known as the Louisiana Unfair Trade Practices Act (hereinafter “LUTPA”) when the insured files a complaint asserting improper billing practices. Therefore, when an insured is presented with a bill, or in this ease a medical lien, the insured’s course of action under the Balance Billing Act is to file a complaint with the Consumer Protection Division, which is then charged with pursuing remedies against the health care provider undér LUTPA, which may include treble damages, civil penalties, and attorney fees. This court ostensibly expanded the private right of action under LUTPA beyond direct consumers and business competitors to “[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, ...” see Cheramie Services, Inc. v. Shell Deepwater Production, Inc., 09-1633, pp. 6-7 (La.4/23/10), 35 So.3d 1053, 1057 (relying on La.Rev. Stat. 51:1409(A)), a holding to which I did not subscribe.[1] However, under the Balance Billing Act, the legislature has unambiguously assigned to the attorney general alone the obligation to pursue LUTPA remedies in La.Rev.Stat. 22:1877(A)(3). Accordingly, .the majority, in my view, strains to find that the Balance Billing Act, simply by referencing LUTPA, broadly embraces the protections and remedies therein, including those who may pursue them as set forth in La.Rev.Stat. 51:1409(A).
In Monier v. St. Charles Parish, 10-526 (La.App. 5 Cir. 5/10/11), 65 So.3d 731, the court declined to find a private right of action under the Teacher Bill of Rights Act, because the act provided for no remedy to anyone. A fortiori, where |sthe legislature prohibits certain conduct and then provides the remedy or remedies for a violation of that prohibition, remedies that do not include a private right of action, the better view is that the legislature has intentionally circumscribed such a remedy. As the Monier court noted, had the legislature intended for there to be a private right of action, it could have provided for one. 65 So.3d at 733 (citing Voltolina v. St. Tammany Fire Dist., 06-1498 (La.App. 1 Cir. 9/19/07), 970 So.2d 1015).
*588 Second, if “the contracted health care provider [] maintain^] any action at law against an enrollee or insured for a health insurance issuer liability or for payment of any amount in excess of the contracted reimbursement rate, “the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney fees and court costs.” La.Rev.Stat. 22:1874(B). I disagree with the majority’s conclusion that the medical lien filed by the health care provider entitled the insured to file suit under the Balance Billing Act, and to obtain the remedies set forth in LUTPA, on the basis that the medical lien is an “action at law.” As the majority notes, the legislature did not define an “action at law,” but when the statute speaks of “the prevailing party,” it' indicates the health care provider has brought suit against the insured to obtain payment. In light of the specific prohibitions in the Balance Billing Act, I do not read the medical lien statutes as providing the health care provider with any greater rights to recover “reasonable charges or fees” from third-party tortfeasors. Indeed, the legislature in the Balance Billing Act has effectively determined that “reasonable charges or fees,” when sought by a contracted health care provider for medical services provided to an insured, may not exceed the contracted reimbursement rate for such services. Accordingly, the medical lien entitles the contracted health care provider to no more than its contracted reimbursement rate, and should be treated thusly. If |4the health care provider seeks to enforce the lien for any greater amount, in violation of the Balance Billing Act, the insured may defend herself against such a suit, and is entitled to attorney fees and costs if she prevails. The medical lien alone, in my view, does not create in favor of the insured a private right of action, allowing LUTPA-style damages, against the health care provider. The majority goes astray in granting the insured more rights against the health care provider than were designated by the legislature in the Balance Billing Act itself.
In sum, I believe the Balance Billing Act clearly sets forth the exclusive remedies for a violation thereof, and I see no basis in pur law or jurisprudence for creating the additional remedy of a private right of action where the legislature otherwise provided. Accordingly, I respectfully dissent.

. Cheramie Services, Inc., 09-1633, 35 So.3d at 1065 (Guidry, J., concurring in the result).