|,SOL GOTHARD, Judge.
Plaintiff, Richard Berry & Associates, Inc. (Berry), appeals a trial court judgment that denied its request for a preliminary injunction against defendants, John Bryant, Tammy Bryant, Greg Campbell, Janine Day, Jennifer Flattman and Mary Leblanc. For reasons that follow, we affirm.

FACTS

Berry is a corporation operating as a general real estate broker. Each of the defendants individually executed a “Broker-Independent Contractor Agreement” with Berry to sell and lease real estate. Contained in each of the agreements is a non-compete clause that reads as follows:
It is agreed that the Independent-Contractor will refrain from carrying on or engaging in the real estate marketing, brokerage, sale or similar business to that performed by the Broker and also from soliciting customers of the broker within the parishes of Orleans, Jefferson and Plaquemines for a period of two years from the date the Independent-Contractor leaves the Broker’s company. This clause shall survive termination of this agreement and prohibits the engagement by IndependenWCon-tractor in any business directly or indirectly which competes with that of the broker.
Berry filed a Petition for Preliminary and Permanent Injunction seeking to prevent the defendants, all former real estate agents for Berry, from working as real estate sales agents for other companies based on the above cited clause. Defen *1265 dants filed a peremptory exception of no cause of action. The matter came before the trial court for a hearing. The trial court found the non-compete clause was unenforceable. Accordingly, the court denied the request for a preliminary | ainjunction and declared the exception of no cause of action moot. Plaintiff appeals that judgment.
Plaintiffs argument is based on La. R.S. 23:921, which provides in pertinent part:
A. (1) Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall b„e null and void.
C. Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment. An independent contractor, whose work is performed pursuant to a written contract, may enter into an agreement to refrain from carrying on or engaging in a business similar to the business of the person with whom the independent contractor has contracted, on the same basis as if the independent contractor were an employee, for a period not to exceed two years from the date of the last work performed under the written contract.
In deciding the issue at bar, the trial court relied on SWAT 24 Shreveport Bossier, Inc. v. Bond, 00-1695 (La.6/29/01), 808 So.2d 294. In SWAT 21, the Louisiana Supreme Court considered the proper interpretation and application of La. R.S. 23:921, relating to non-competition agreements. The Supreme Court interpreted the limited exception found in 23:921(C) “to the general nullity of such agreements to apply only to those agreements in which the employee agrees to refrain from carrying on or engaging in his own business similar to that of the employer.” Id. 808 So.2d at 296. The plaintiff in SWAT 2k is a construction company specializing in insurance restoration work following disasters. Defendant, Bond, is a former employee of plaintiff who worked as a carpenter’s helper, and was later promoted to production manager. With the promotion came an employment contract that included a non-competition clause that provided that ^defendant could not “directly or indirectly, engage in competition with SWAT 24 Shreveport Bossier, Inc. or serve as an officer, employee, director, agent or consultant of any business, which is in direct or indirect competition with SWAT 24 Shreveport-Bossier, Inc.” Bond resigned his position with SWAT 24 and took a position with National Restoration Sendees. SWAT 24 filed a petition for in-junctive relief that was denied by the trial court based on the finding that the language in the non-competition clause went beyond the limited exceptions of La. R.S. 23:921(C). The Court of Appeal affirmed the judgment and the matter was taken up by the Supreme Court to resolve a split in the circuits as to the interpretation of the statute. The Supreme Court held that the exception in La. R.S. 23:921(0 only allows an agreement that prohibits an employee from leaving and beginning his own similar business in competition with his original employer.
*1266 This Court has recently followed SWAT 24, supra in Bail Bonds Unlimited, Inc. v. Chedville, 01-1401 (La.App. 5 Cir. 10/29/02), 831 So.2d 403; writ denied, 02-2913 (La.2/07/03), 836 So.2d 104. In Bail Bonds Unlimited, plaintiff filed a petition for injunctive relief charging that various defendants, who were fugitive recovery agents formerly in the employ of plaintiff, were in violation of a non-competition agreement. At the time of the institution of the lawsuit, the defendants were employed by Steve’s Bail Bonds, a competitor of Bail Bonds Unlimited. The trial court denied the injunctive relief and this Court affirmed, based on the holding in SWAT 2b.
In the instant case, Berry argues that the facts are distinguishable from those of SWAT 2b in that the defendants herein are independent contractors and not employees. Berry maintains that the portion of the statute at issue in SWAT 2b concerns employees and not independent contractors. Berry argued unsuccessfully in the trial court that the holding in SWAT 2b does not apply to independent ^contractors. Berry cited a separate section of La. R.S..23:921(C) which provides as follows:
.An independent contractor, whose work is performed pursuant to a written contract, may enter into an agreement to refrain from carrying on or engaging in a business similar to that of the business of the person with whom the independent contractor had contracted, on the same basis as if the independent contractor were an employee, for a period not to exceed two years from the date of the last work performed under the written contract.
In reasons for judgment, the trial court stated it found that independent contractors were also controlled by the holding in SWAT 2b- The trial court relied on the statutory language providing that non-compete agreements may be entered into by an independent contractor “on the same basis as if the independent contractor were an employee.” The trial court also noted that the language used in that part of the statute, which states “carrying on or engaging in a business similar,” is identical to the part of the statute that relates to employees. In conclusion, the trial court found:
.Because the Supreme Court interpreted and defined that language as it applies to employees, this Court believes that the same interpretation and definition also applies to independent contractors. They are to be treated, pursuant to the statute, “on the same basis as if the independent contractor were an employee ...” No distinction is made between the treatment of an employee and the treatment of an independent contractor.”
We find the reasoning of the trial court to be consistent with the rationalization of the final holding in SWAT 2b. In SWAT 2b we are reminded that the main objective of La. R.S. 23:921is to clearly establish that the public policy of this state disfavors non-competition agreements. Id. 808 So.2d at 305. The exceptions to that rule must be strictly construed in accordance with general law on statutory interpretation. Given the interpretation of the statutory language in SWAT 2b, by which we are bound, we find the trial court did not err in its ruling. Accordingly, we affirm the judgment appealed.

AFFIRMED.