MARC E. JOHNSON, Judge.
| gPIaintiffAppellant, Communication and Technology Industries, Inc. (hereinafter referred to as “Commtech”), appeals the granting of a summary judgment in favor of Defendant/Appellee, Global Hunter Securities, L.L.C. (hereinafter referred to as “Global”), rendered in First Parish Court for the Parish of Jefferson, Division “A”, regarding a non-solicitation clause in a contract between the parties. For the following reasons, we reverse and remand the matter to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
Commtech is a Louisiana corporation engaged exclusively in the business of providing information technology services. Global is a foreign limited liability company engaged nationally in the investment banking business with an office located in New Orleans, Louisiana. On August 20, 2009, Commtech and Global entered into a Master Services Agreement (hereinafter referred to as “the MSA”). |3The initial term of the MSA was for one year with automatic one year extensions, unless can-celled by either party during the initial term or any extension thereof with sixty days (60) prior written notice to the other party. The MSA, which was drafted by Commtech’s attorney, stated the following terms and conditions in Subsection 11.10 regarding employee solicitation:
If Client solicits for employment hires and/or contracts with an employee or representative of CommTech during the term of our engagement or within twelve (12) months after the most recent invoice date, Client agrees to pay a fee within thirty (30) days of the retainer or employment date of such employee or representative an amount equal to the equivalent of fifty percent (50%) of employee’s or representative’s annual gross salary for the preceding year.
No employees of Commtech signed or approved the MSA.
Jason Bohnenstiehl was hired by Commtech as an at-will employee to perform the contracted information technology services. Mr. Bohnenstiehl’s annual salary with Commtech was $37,800.00. In March 2010, Mr. Bohnenstiehl resigned from Commtech, and Global hired him as a *919 technician to provide information technology services.
On February 15, 2011, Commtech filed a Petition against Global, alleging Global breached the MSA by hiring Mr. Bohnen-stiehl and, in the alternative, a claim based on quantum meruit and unjust enrichment. Global filed an Answer to the petition on March 7, 2011, and subsequently filed a Motion for Summary Judgment on May 24, 2011. In the motion, Global alleged the “Employee Solicitation” provision found in the MSA violated La. R.S. 28:921 because it restricted every Commtech employee, particularly Mr. Bohnenstiehl, from exercising a lawful profession, trade, or business.
A hearing on the motion was held on June 26, 2012. At the hearing, the trial court granted the summary judgment on the claims raised in the petition and declared Subsection 11.10 of the MSA null and void. In her oral reasons from the |4bench, the trial judge found La. R.S. 23:921 applied to this matter because a Commtech employee becomes “less desirable to a potential employer because he is saddled with the terms of a contract that he is not part of. And there’s inequity and unfairness about that, and I think that’s exactly what 28:921 was intended to — one of the things it was intended to prevent.” There was no evidence accepted at the hearing. A written judgment granting summary judgment was signed on July 16, 2012, which dismissed Commtech’s action with prejudice. This timely appeal followed.
ASSIGNMENTS OF ERROR
On appeal, Commtech raises the following assignments of error: 1) the trial court erred in granting summary judgment and finding that, as a matter of law, the employee solicitation clause of the MSA was null and void in violation of La. R.S. 23:921, in spite of the consistent law of other circuits and applicable federal jurisprudence to the contrary; and 2) the trial court erred in granting summary judgment by ignoring the remaining genuine issues of material fact as to whether Commtech had restrained its employee and/or Global from exercising a lawful profession, trade, or business in violation of La. R.S. 23:921.
LAW AND ANALYSIS

General Law

Appellate courts review summary judgments de novo, using the same criteria that governed the trial court’s consideration of whether summary judgment is appropriate, asking whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Favre v. Boh Bros. Const. Co., L.L.C., 11-451, pp. 6-7 (La.App. 5 Cir. 3/13/12); 90 So.3d 481, 485, writ denied, 12-1024 (La.6/22/12); 91 So.3d 976 (citation omitted). The summary judgment procedure is favored and is designed to secure the just, speedy and | ^inexpensive determination of every action, except those disallowed by law. Id. citing, DROR Intern. L.P. v. Thundervision, L.L.C., 11-215 (La.App. 5 Cir. 12/13/11); 81 So.3d 182, writ not considered, 12-0127 (La.3/23/12); 84 So.3d 560.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the movant is entitled to judgment as a matter of law. Id. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable per *920 son could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id.

Employee Solicitation Clause of the MSA

Commtech alleges the trial court erred in granting summary judgment as a matter of law by finding the employee solicitation clause of the MSA was null and void in violation of La. R.S. 23:921. Commtech avers it was free to contract with Global for any lawful purpose, and the sole purpose of the provision in the MSA was to protect its investment in its trained technicians. As such, Commtech argues the language of the non-solicitation clause of the MSA is not contrary to public policy, and in similar cases, has been upheld as enforceable and not governed by La. R.S. 23:921. Commtech further argues the “Employee Solicitation” provision of the MSA was reasonable in scope and duration and did not in any way restrain Mr. Boh-nenstiehl or Global from exercising a lawful profession, trade, or business.
In opposition, Global asserts the trial court was correct in its ruling because it applied the plain language of La. R.S. 23:921 to a circumstance wherein a contract contained a provision that restrains an at-will employee from exercising Rhis lawful profession, trade, or business. Global contends the statute at issue prohibits all restraints but for a limited number of specific exceptions, none of which apply to the instant facts. Global further argues the provision was null and void because Mr. Bohnenstiehl did not consent to the restraint and may not have had any knowledge of the restraint. Global contends the provision limits the ability of every Commtech employee to seek employment with Global by placing a steep price, half of the employee’s annual salary, as a requirement for employment, and that restriction limits Mr. Bohnenstiehl’s ability to obtain gainful employment with Global.
La. R.S. 23:921(A)(1) provides,
Every contract or agreement or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section shall be null and void. However, every contract or agreement, or provision thereof, which meets the exceptions as provided in this Section, shall be enforceable.
Louisiana’s public policy has disfavored noncompetition agreements. Restored Surfaces, Inc. v. Sanchez, 11-529, p. 4 (La.App. 5 Cir. 12/28/11); 82 So.3d 524, 527, citing, SWAT 24 Shreveport Bossier, Inc. v. Bond, 00-1695- (La.6/29/01); 808 So.2d 294, 298. In USI Ins. Services, L.L.C. v. Tappel, 09-149, p. 7 (La.App. 5 Cir. 11/10/09); 28 So.3d 419, 423-424, writ denied, 09-2697 (La.2/26/10); 28 So.3d 271, this Court explained:
This policy is based on the State’s desire to prevent an individual from contractually being deprived of an ability to support him or herself and consequently becoming a public burden. Such agreements are in derogation of the common right and must be strictly construed against the party seeking their enforcement.
La. R.S. 23:921 provides limited instances in which a contract can restrict the exercise of a lawful profession. That statute must also be strictly construed, since it is an exception to Louisiana public policy against such contracts. Id. Louisiana courts have made no distinction between non-compete and non-solicitation clauses when interpreting La. R.S. 23:921.
(citations omitted).
*921 |7A non-solicitation agreement, like a noncompetition agreement, is a contract between the parties who enter it, and it is to be construed according to the general rules of contract interpretation. See generally, Sanchez at 5; 82 So.3d at 528. The common intent of the parties is used to interpret a contract. Id., citing, La. C.C. art.2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. Id., citing, La. C.C. art.2046.
In the instant matter, the non-solicitation terms of the MSA are clear and unambiguous. The “Employee Solicitation” provision of the MSA requires Global as the “Client” to pay a fee within thirty days of the retainer or employment date of a solicited Commtech employee. The fee is equivalent of fifty percent of the employee’s annual gross salary for the preceding year. The MSA merely places a fee on any client that solicits an employee of Commtech.
Mr. Bohnenstiehl was an employee of Commtech who was hired by Global within the applicable time frame of the MSA. In contradiction to Global’s argument, the non-solicitation provision in this matter did not restrain Mr. Bohnenstiehl from the exercise of his profession, trade, or business, which is evidenced by the fact that Global hired him as an information technology services technician. Clearly, the possibility of having to abide to the MSA was not a deterrent for Global. Because Mr. Bohnenstiehl, or any other Commtech employee, is not prevented from exercising his trade, profession, or business under the “Employee Solicitation” provision of the MSA, we cannot find that La. R.S. 23:921 governs that provision. Commtech and Global are two businesses that chose to enter into an agreement, and La. R.S. 23:921 is not intended to protect independent corporations on an equal footing from a possibly bad bargain. See, Louisiana Smoked Products, Inc. v. Savoie’s Sausage and Food Products, Inc., 96-1716 (La.7/1/97); 696 So.2d 1373, 1381. Thus, the non-solicitation provision is valid and enforceable.
Therefore, we find the trial court erred in granting summary judgment and declaring the “Employee Solicitation” provision of the MSA null and void.

Burden of Proof

Commtech alleges the trial court erred in not properly applying Louisiana summary judgment standards and La. C.C.P. art. 966 when it granted Global’s summary judgment in the face of remaining genuine issues of material fact. Commtech maintains Global failed to meet its burden of proving a prima facie case that no genuine issues of material fact exist, and the unsworn statements of uncontested material facts that “Section 11.10 of the MSA is unenforceable under La.Rev.Stat. Ann. § 23:921” and it “restricts and restrains the ability of CommT-ech employees to obtain employment with [Global]” were not supported by a valid affidavit. Commtech further maintains the alleged uncontested material facts did not appear in Global’s unverified answer, pleadings, depositions, or admissions on file.
The mover in a motion for summary judgment bears the burden of proof. La. C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or *922 defense. Id. When ruling on a motion for summary judgment, the trial court may consider “pleadings, depositions, answers to interrogatories, and admissions on file, together with the ^affidavits, if any[,]” presented by the parties in support of or in opposition to the motion; those specifically enumerated documents need not be formally introduced into evidence at the hearing on the motion if they are already “on file” or physically placed into the record prior to the hearing on the motion. La. C.C.P. art. 966(B)[1]; Sheffie v. Wal-Mart Louisiana, LLC, 11-1038, pp. 5-6 (La.App. 5 Cir. 5/31/12); 92 So.3d 625, 629 (citation omitted).
If a defendant moving for summary judgment has made a prima facie showing that the motion should be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Monier v. St. Charles Parish School Bd., 10-526, p. 6 (La.App. 5 Cir. 5/10/11); 65 So.3d 731, 734 (citation omitted). The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Id.
In the case at bar, a review of the record reflects Global failed to have any documentation accepted into evidence at the hearing. With its Motion for Summary Judgment, Global attached a copy of the MSA, Commtech’s responses to discovery requests, a copy of Mr. Bohnenstiehl’s employment offer with Commtech, an email regarding Mr. Bohnenstiehl’s salary, the Answer, and an affidavit of Matthey Schandler, Global’s Director of Information Technology. After review, we find that none of the documentation submitted by Global supports the notion that Section 11.10, the “Employee Solicitation” provision, of the MSA is unenforceable under La. R.S. 23:921. Thus, there are remaining genuine issues of material fact to be resolved at the trial court level, e.g., whether Global breached the MSA and/or whether Global was unjustly enriched through hiring Mr. Bohnenstiehl.
lTnIn conjunction with our finding that La. R.S. 23:921 is inapplicable to the provision in question, we also find the trial court erred in granting the summary judgment in favor of Global because it failed to present evidence to meet its prima facie burden that it was entitled to summary judgment as a matter of law.
DECREE
For the foregoing reasons, we reverse the granting of the summary judgment on both issues and dismissal of Communication and Technology Industries, Inc.’s action and remand the matter to the trial court for further proceedings. Global Hunter Securities, Inc. is assessed the costs of this appeal.

REVERSED AND REMANDED

. It is noted that La. C.C.P. art. 966 was amended by Acts 2012, Nos. 257 and 741, § 1, which took effect on August 1, 2012. The pre-amended version of La. C.C.P. art. 966 was in effect at the time of the hearing on the Motion for Summary Judgment in this matter.