HOIST & CRANE SERVICE GROUP, INC.

VERSUS

STANDARD CRANE & HOIST, LLC,
ROBERT MAGUIRE, AND BRAD SMITH

NO. 22-CA-389

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 88,133, DIVISION "E"
HONORABLE TIMOTHY S. MARCEL, JUDGE PRESIDING

March 29, 2023

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Stephen J. Windhorst

<u>**AFFIRMED AS AMENDED**</u>
   **MEJ**
   **RAC**
   **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
HOIST & CRANE SERVICE GROUP, INC.
 William T. Finn
 Russell L. Foster
 Peter J. Segrist

COUNSEL FOR DEFENDANT/APPELLEE,
ROBERT MAGUIRE AND STANDARD INDUSTRIAL SERVICES, LLC
 Charles K. Chauvin

COUNSEL FOR DEFENDANT/APPELLEE,
STANDARD CRANE & HOIST, LLC
 Jonathan M. Walsh
 Ellis B. Murov
 Sean P. Mount

**JOHNSON, J.**

Plaintiff/Appellant, Hoist & Crane Service Group, Inc. (hereinafter referred to as "Hoist & Crane"), appeal the partial summary judgment that dismissed its claim for the breach of its non-competition agreement against Defendant/Appellee, Robert Maguire, rendered in the 29th Judicial District Court, Division "E". For the following reasons, we amend the trial court's partial summary judgment and affirm the judgment as amended.

**FACTS AND PROCEDURAL HISTORY**

The facts pertinent to this appeal are as follows:

Hoist & Crane is a company that services overheard cranes and lifting equipment, including elevators. In 2016, Mr. Maguire was hired as a technical trainer for Hoist & Crane's New Orleans office.[1] Prior to joining the company, Mr. Maguire had spent decades of working in different capacities for several elevator servicing companies, becoming an expert in elevator service and maintenance.

On May 2, 2016, Mr. Maguire entered into an "Employee Noncompetition and Confidentiality Agreement" for sales, management, and office staff (hereinafter referred to as "the Agreement") with Hoist & Crane. Among the numerous provisions, the Agreement provided that Mr. Maguire would not perform the same or similar duties as he performed for Hoist & Crane or engage in a similar business; solicit any customer of Hoist & Crane to cease doing business with it or engage in a similar business with a competitor; or engage in any business with a competitor, with all of the provisions lasting for a period of two years immediately following his termination of employment with Hoist & Crane. On September 7, 2018, Mr. Maguire terminated his employment with Hoist & Crane. He left Hoist & Crane to start a new company, Standard Industrial Services, LLC

---

[1] During the time Mr. Maguire was employed with Hoist & Crane, he was promoted to Service Manager of the Elevator Branch.

(hereinafter referred to as "Standard Industrial"), which offered industrial elevator services.

On July 24, 2020, Hoist & Crane filed its petition against Standard Industrial and Mr. Maguire.[2] In its petition, Hoist & Crane alleged that Mr. Maguire accepted employment with Standard Industrial, its competitor, prior to the two-year expiration of his obligations to Hoist & Crane. It asserted that Mr. Maguire violated the non-competition, non-solicitation, and confidentiality obligations of the Agreement by: assisting Standard Industrial and participating in its direct competition with Hoist & Crane; soliciting, inducing, and encouraging current and prospective Hoist & Crane customers to cease doing business with it; soliciting, inducing, and encouraging Hoist & Crane's current and former employees to depart from the company; soliciting, inducing, and encouraging Hoist & Crane's current and former employees to undertake employment with Standard Industrial; using Hoist & Crane's confidential information to suggest, induce, and encourage its customers to stop doing business with it; and sharing Hoist & Crane's confidential information with Standard Industrial. Hoist & Crane sought preliminary and permanent injunctions and other damages against Mr. Maguire.

On June 22, 2021, Mr. Maguire filed a motion for partial summary judgment. In his motion, Mr. Maguire asserted that the Agreement's non-solicitation and non-competition with customers provisions were unenforceable because the Agreement does not specify the parishes and municipalities where the provisions would be effective.[3] He contended that the Agreement cannot be reformed to legitimacy. In opposition, Hoist & Crane argued that the Agreement should be fully enforced because the geographic scope of the non-competition

---

[2] Hoist & Crane also named Brad Smith, another former employee of the company, as a defendant.

[3] On February 17, 2022, Mr. Maguire filed a motion to dismiss his request for summary judgment solely on the issue of enforceability of the Agreement as to the alleged prohibition against soliciting or inducing Hoist & Crane's employees to leave their employment. The motion was granted on February 18, 2022.

provisions is determinable. In the alternative, Hoist & Crane argued that the scope of the Agreement should have been modified and/or reformed by the court.

The partial summary judgment motion was heard by the trial court on March 15, 2022. At the conclusion of the hearing, the trial court granted partial summary judgment in favor of Mr. Maguire. The trial court rendered a written judgment granting the partial summary judgment on April 19, 2022, which dismissed Hoist & Crane's claims against Mr. Maguire for breach of the non-competition and non-solicitation of customers provisions contained in Paragraphs 1(a), 1(b), and 1(c) of the Agreement with prejudice. The trial court made an express determination that there was no just reason for delay and certified the judgment as a final partial judgment pursuant to La. C.C.P. art. 1915(B)(1). The instant devolutive appeal filed by Hoist & Crane followed.

## ASSIGNMENTS OF ERROR

On appeal, Hoist & Crane alleges that the trial court legally erred in granting Mr. Maguire's partial summary judgment by: 1) finding the non-competition agreement was unenforceable; 2) failing to enforce the modification clause as written; and 3) failing to reform the non-competition obligation.[4]

## LAW AND ANALYSIS

Enforcement of Non-Competition Agreement

Hoist & Crane alleges that the trial court erred in granting Mr. Maguire's partial summary judgment by finding the non-competition agreement to be unenforceable. It argues that Louisiana courts have held that non-competition agreements are enforceable under La. R.S. 23:921, regardless of whether they specifically name the parishes in which the agreement applies, as long as the geographic scope of the non-competition agreement is determinable. It contends that the provision "in any geographic area or territory wherein Hoist & Crane

---

[4] Assignments of error two and three are interrelated and will be jointly discussed.

22-CA-389                                                  3

Service Group has conducted its business, so long as Hoist & Crane Service Group carries on its business therein" is sufficient to specify the geographical scope of the Agreement. Although Hoist & Crane acknowledges this Court's jurisprudence that non-competition agreements should specify the parishes of enforcement by name, it implores us to enforce the non-competition agreement as written.

Mr. Maguire avers that the trial court properly granted his partial summary judgment because Hoist & Crane's non-competition provisions violate the law and strong public policy. He maintains that Louisiana law only permits a narrowly tailored exception to La. R.S. 23: 921 that requires the geographical territory be limited to specifically name parishes or municipalities where the non-competition agreement can be enforced. Because the Agreement fails to comply with naming the specific parishes or municipalities in which the provisions would apply, Mr. Maguire asserts that the Agreement broadly restricts him from pursuing similar employment or business and would deprive him of the ability to work anywhere in the elevator service industry.

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored. La. C.C.P. art. 966(A)(2). Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Jefferson Par. Sch. Bd. v. TimBrian, LLC*, 21-67 (La. App. 5 Cir. 10/20/21), --- So.3d ----, 2021WL4891089, *writ denied*, 21-1725 (La. 1/12/22), 330 So.3d 629, *citing Stogner v. Ochsner Clinic Foundation*, 18-96 (La. App. 5 Cir. 9/19/18), 254 So.3d 1254, 1257. Summary judgment shall be granted "if the motion, memorandum, and supporting documents shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id.*, *quoting* La. C.C.P. art. 966(A)(3).

A material fact is one that potentially insures or prevents recovery, affects a

litigant's ultimate success, or determines the outcome of the lawsuit. *Populis v. State Department of Transportation and Development*, 16-655 (La. App. 5 Cir. 5/31/17), 222 So.3d 975, 980, *quoting Pouncy v. Winn-Dixie La., Inc.*, 15-189 (La. App. 5 Cir. 10/28/15), 178 So.3d 603, 605.  An issue is genuine if it is such that reasonable persons could disagree.  If only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. *Id*.  Whether a particular fact in dispute is material for purposes of summary judgment can only be determined in light of the substantive law applicable to the case. *Stogner*, 254 So.3d at 1257, *citing Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So.3d 876, 882, *cert. denied*, 574 U.S 869, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014).

The party moving for summary judgment bears the burden of proof. *Stogner*, *supra*, citing La. C.C.P. art. 966(D)(1).  However, if the mover will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claims. *Id*.  Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. *Id*.  If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. *Id*.  Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. *Id*., *citing Babin v. Winn Dixie La., Inc.*, 00-78 (La. 6/30/00), 764 So.2d 37, 40.  The decision as to the propriety to grant a motion for summary judgment must be made with reference to the substantive law applicable to the case. *Vincent v. Nat'l Gen. Ins. Co.*, 21-227 (La. App. 5 Cir. 10/13/21), 330 So.3d 378, 381.  The substantive law in this matter is La. R.S. 23: 921.

La. R.S. 23:921 provides, in pertinent part:

A. (1) Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void. However, every contract or agreement, or provision thereof, which meets the exceptions as provided in this Section, shall be enforceable.

***

C. Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment… .

In short, the statute limits (1) the scope of the activity from which one agrees to refrain, (2) the geographic area in which one agrees to refrain from that activity, and (3) the time period during which the agreement to refrain from the specified activity may be effective. *Yorsch v. Morel*, 16-662 (La. App. 5 Cir. 7/26/17), 223 So.3d 1274, 1285, *writ denied*, 17-1475 (La. 11/13/17), 230 So.3d 207.

Louisiana's public policy has disfavored non-competition agreements. *Communication and Technology Industries, Inc. v. Global Hunter Securities, Inc.*, 12-861 (La. App. 5 Cir. 5/16/13), 116 So.3d 917, 921. In *USI Ins. Services, L.L.C. v. Tappel*, 09-149 (La. App. 5 Cir. 11/10/09), 28 So.3d 419, 423-424, *writ denied*, 09-2697 (La. 2/26/10), 28 So.3d 271, this Court explained:

This policy is based on the State's desire to prevent an individual from contractually being deprived of an ability to support him or herself and consequently becoming a public burden. Such agreements are in derogation of the common right and must be strictly construed against the party seeking their enforcement.

La. R.S. 23:921 provides limited instances in which a contract can restrict the exercise of a lawful profession. That statute must also be strictly construed, since it is an exception to Louisiana public policy against such contracts.

(Citations omitted).

In the instant matter, Mr. Maguire signed the Agreement, which states the

following pertinent provisions in the "1. NONCOMPETITION" section:

(a) Employee agrees that, during Employee's employment and for a period of two (2) years immediately following Employee's termination of employment with Hoist & Crane Service Group, Inc. regardless of the reason for termination, Employee will not perform same or similar services or duties as performed while employed by Hoist & Crane Service Group, Inc. for or on behalf of Employee or any business engaged in a business similar to the business of Hoist & Crane Service Group, Inc. in any geographic area or territory wherein Hoist & Crane Service Group, Inc. has conducted its business, so long as Hoist & Crane Service Group, Inc. carries on its business therein.

(b) Employee agrees that, during Employee's employment and for a period of two (2) years immediately following Employee's termination of employment with Hoist & Crane Service Group, regardless of the reason of termination, Employee will not solicit, suggest, induce, or encourage any customer of Hoist & Crane Service Group, Inc. to cease doing business with Hoist & Crane Service Group, Inc. and/or to do same or similar business with Employee or any competition of Hoist & Crane Service Group, Inc. in any geographic area or territory wherein Hoist & Crane Service Group, Inc. has conducted its business, so long as Hoist & Crane Service Group, Inc. carries on its business therein.

(c) Employee agrees that, during Employee's employment and for a period of two (2) years immediately following Employee's termination of employment with Hoist & Crane Service Group, Inc. regardless of the reason of termination, Employee will not accept, or conduct or assist in any acceptance or conducting of, same or similar business with any customer of Hoist & Crane Service Group, Inc. for or on behalf of Employee or any business engaged in competition with the business of Hoist & Crane Service Group, Inc. in any geographic area or territory wherein Hoist & Crane Service Group, Inc. has conducted its business, so long as Hoist & Crane Service Group, Inc. carries on its business therein.

The non-competition provisions of the Agreement do not specify the geographic locations in which the Agreement is to be enforced but only states "in any geographic area or territory wherein Hoist & Crane Service Group, Inc. has conducted business." La. R.S. 23:921(C) requires that a restrictive covenant identify by name the parishes or municipalities to which it applies. *Advanced Medical Rehab, L.L.C. v. Manton*, 21-315, p. 14 (La. App. 5 Cir. 2/23/22), --- So.3d ----, 2022WL533885, *writ denied*, 22-606 (La. 6/1/22), 338 So.3d 494, *citing Bell v. Rimkus Consulting Grp. Inc. of La.*, 07-966 (La. App. 5 Cir. 3/25/08), 983

So.2d 927, 933-34, *writ denied*, 08-891 (La. 6/20/08), 983 So.2d 1276. It is not enough if the restrictive covenant simply says it applies to "whatever parishes, counties, or municipalities the company does business." *Id.* Thus, based upon the Agreement's geographic description, we find that the geographic restrictive provisions of the Agreement do not comply with La. R.S. 23:921(C).

Therefore, upon *de novo* review, we find that the non-competition provisions in Paragraphs 1(a), 1(b), and 1(c) of the Agreement are overbroad because they do not specifically list the parishes or municipalities, or parts thereof, where the geographic restrictions would be effective. Consequently, we also find that those Paragraphs are unenforceable because the geographic restrictive provisions do not comply with La. R.S. 23:921(C). (*See also*, *Wechem, Inc. v. Evans*, 18-743 (La. App. 5 Cir. 5/30/19), 274 So.3d 877, 894, *writ denied*, 19-1176 (La. 10/15/19), 280 So.3d 600, where this Court held that non-competition provisions that do not comply with La. R.S. 23:921, in that they do not adequately specify the geographic restrictions, are unenforceable).

Enforcement of Modification Clause and Reformation of Non-Competition Obligation

Next, Hoist & Crane alleges that the trial court legally erred in granting the partial summary judgment in favor of Mr. Maguire because the Agreement's modification clause should be enforced. It argues that the plain modification language of the Agreement should be applied, so that Mr. Maguire would be prohibited from competing only in those parishes and counties in which Hoist & Crane does business. In the alternative, Hoist & Crane argues that the Agreement should be reformed due to the mutual error of the parties. It contends that both it and Mr. Maguire intended to memorialize a binding and enforceable non-competition obligation, in addition to the other obligations set forth in the Agreement, and Mr. Maguire willingly, knowingly, and voluntarily agreed to those

obligations. Thus, Hoist & Crane insists that this Court should reform the Agreement for consistency with the intent of the parties.

Mr. Maguire avers that the entire Agreement is null and void and cannot be reformed. He maintains that there was no mutual mistake in the Agreement specifically drafted by Hoist & Crane.

The "MODIFICATION BY COURT" provision of the Agreement states, "It is understood and agreed that should any portion, provision or clause of this Agreement be deemed too broad to permit enforcement to its full extent, then it shall be enforced to the maximum extent permitted by applicable law, and Employee hereby consents and agrees that such scope shall be modified by the court in any proceeding brought to enforce such restriction."

In its judgment, the trial court dismissed Hoist & Crane's claims against Mr. Maguire for breach of the non-competition and non-solicitation of customers provisions contained in Paragraphs 1(a), 1(b), and 1(c) of the Agreement. Arguably, the remaining provisions in the Agreement can be enforced to the maximum extent permitted by applicable law. The trial court did not find that the Agreement was unenforceable *in toto*.

Hoist & Crane now wants this Court to reform the restrictive provisions of the Agreement. We decline to reform the overly broad provisions in Paragraphs 1(a), 1(b), and 1(c) of the Agreement to include the specific parishes or municipalities where the Agreement would be enforceable against Mr. Maguire.[5] If the reformation requested by Hoist & Crane were to be granted, this Court would effectively be required to rewrite the Agreement's non-competition provision to bring it into compliance with La. R.S. 23:921(C). Reformation in such a

---

[5] In its brief, Hoist & Crane urges this Court to adopt the Third Circuit's decision in *Petroleum Helicopters v. Untereker*, 98-1816 (La. App. 3 Cir. 3/31/99), 731 So.2d 965, *writ denied*, 99-1739 (La. 8/5/99), 747 So.2d 40, where the court reformed a contract in which the geographic restrictions were not specifically identified by name but were "identifiable." We decline to follow that decision.

circumstance would mean rewriting a disfavored contract into compliance with a narrowly drawn statutory exception. *See Advanced Medical Rehab, L.L.C.*, 2022WL533885 at p. 19, *citing Vartech Sys., Inc. v. Hayden*, 05-2499 (La. App. 1 Cir. 12/20/06), 951 So.2d 274, 260. However, because we have found that Paragraphs 1(a), 1(b), and 1(c) of the Agreement are overbroad because they fail to specifically list the parishes or municipalities, or parts thereof, and are unenforceable, we reform the Agreement to excise Paragraphs 1(a), 1(b), and 1(c). Furthermore, we pretermit any discussion regarding the remaining provisions of the Agreement because they are not currently before us for review.

## DECREE

For the foregoing reasons, upon *de novo* review, we find that Robert Maguire is entitled to partial summary judgment, as a matter of law. Accordingly, we affirm the trial court's partial summary judgment in favor of Mr. Maguire that dismissed Hoist & Crane Service Group, Inc.'s claims against him for breach of the non-competition and non-solicitation of customers provisions contained in Paragraphs 1(a), 1(b), and 1(c) of the May 2, 2016 "Employee Noncompetition and Confidentiality Agreement" with prejudice. Additionally, we amend the judgment to reform the Agreement by excising Paragraphs 1(a), 1(b), and 1(c). Hoist & Crane Service Group, Inc. is assessed the costs of this appeal.

**<u>AFFIRMED AS AMENDED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 29, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-389

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE TIMOTHY S. MARCEL (DISTRICT JUDGE)
PETER J. SEGRIST (APPELLANT)        RUSSELL L. FOSTER (APPELLANT)        WILLIAM T. FINN (APPELLANT)
CHARLES K. CHAUVIN (APPELLEE)       JONATHAN M. WALSH (APPELLEE)         SEAN P. MOUNT (APPELLEE)

**MAILED**
ELLIS B. MUROV (APPELLEE)
ATTORNEY AT LAW
755 MAGAZINE STREET
NEW ORLEANS, LA 70130