725 So.2d 51 (1998)
Dewanna COOPER
v.
WAL-MART STORES, INC.
No. 97 CA 1723.
Court of Appeal of Louisiana, First Circuit.
December 9, 1998.
Rehearing Denied January 25, 1999.
Frank Ferrara, Walker, Counsel for Plaintiff-Appellee Dewanna Cooper.
Lisa Miley Geary, Metairie, Counsel for Defendant-Appellant.
Before: CARTER, GONZALES, FOGG, KUHN, and WEIMER, JJ.
WEIMER, J.
This matter involves a slip and fall accident on a rock in the foyer of a Wal-Mart store. Following a bench trial, a judgment was rendered for the plaintiff from which the defendant Wal-Mart Stores, Inc. appeals.

FACTS
Plaintiff Dewanna Cooper visited the Wal-Mart store in Denham Springs as a customer. Before she left the store, it began to rain. She placed her purchases at the front of the store, went outside to place her purse in a vehicle, and upon walking back into the *52 store her foot slipped on a light gray colored rock located inside the store in an area variously referred to as the lobby, foyer, or vestibule. The rock, admitted into evidence, was a little less than half the size of a golf ball, but was irregular in shape. Ms. Cooper suffered various injuries in the fall, the most severe of which was a broken foot.
Ms. Cooper was the only witness who testified at the trial. When confronted with testimony she gave in deposition, there seems to be some confusion as to exactly where she fell. However, this may be due to confusion over whether the foyer is considered to be inside or outside of the store. Nevertheless, she did clearly mark an "X" on a diagram submitted into evidence which indicates the fall occurred between the foyer and the area of the store where merchandise is located.
Ms. Cooper testified the Wal-Mart parking lot and sidewalk were paved. She had no information about where the rock came from, how it got there, or how long it was present. She also testified that it was raining outside as she re-entered the store, but the floor of the foyer was dry. She admitted that she could have seen the rock if she had been looking. She stated that upon stepping on the rock it slid forward causing her to fall and injure herself. Ms. Cooper also testified that the foyer where she fell was "really dirty" and she remembered cigarette butts being on the side of her pants leg following her fall.
After taking the matter under advisement, the trial court rendered a judgment in favor of the plaintiff as follows:
The court found plaintiff to be a credible witness. She testified the area where she fell was dirty with trash and cigarette butts. An unusual object, a rock caused her fall. The court finds that the evidence indicates the area in question had not been cleaned in some time and the rock was a hazard in an area of ugress [sic] and egress where the patrons were concerned with getting in and out, not watching the floor. The court finds defendant liable and awards plaintiff damages of $14,450.00 general and $1,755.29 special, plus costs and interest.

ASSIGNMENT OF ERRORS
Wal-Mart assigned three errors for this court's review:
1. the rock did not constitute an unreasonably dangerous condition;
2. the plaintiff failed to meet her burden of proving actual or constructive notice of the presence of the rock and lack of reasonable care by Wal-Mart; and
3. in the alternative, the failure to assign fault to the plaintiff.
Because we find that the plaintiff failed to sustain her burden of proving constructive notice pursuant to the provisions of LSA-R.S. 9:2800.6 as interpreted in White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081,[1] it is only necessary to address the second assignment of error.

PROOF OF ACTUAL OR CONSTRUCTIVE NOTICE
This matter is governed by LSA-R.S. 9:2800.6 which, at the time of the plaintiff's fall, provided in pertinent part[2]:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on *53 the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
In the case sub judice, there was no evidence presented by the plaintiff to establish that Wal-Mart either created or had actual notice of the condition which caused the fall. See LSA-R.S. 9:2800.6(B)(2). Thus, the issue is whether the plaintiff proved Wal-Mart had "constructive notice" of the unreasonable risk of harm.
In White the Supreme Court held:
Because the statute is clear and unambiguous and contains no provision for shifting the burden to the defendant to prove his lack of culpability, we find that it is the plaintiff's burden to prove each element of her cause of action under La. R.S. 9:2800.6(B) (1991). Furthermore, because constructive notice is plainly defined to include a mandatory temporal element, we find that where a claimant is relying upon constructive notice under La. R.S. 8:2800.6(B)(2) (1991), the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence.
White, 97-0393 at 1, 699 So.2d at 1082.
The plaintiff proved that the floor in the area of the fall was dirty and covered with cigarette butts. The trial judge rationally concluded the area had not been cleaned for some time. However, there was no evidence as to when the floor in the area of the fall was last cleaned. Additionally, the evidence indicates it was the rock, not the dirty condition or cigarette butts which caused the fall. Although the area was not clean, there was no evidence of "constructive notice of the condition which caused the damage." LSA-R.S. 9:2800 B(2). The condition which caused the damage was the presence of the rock on the floor. The rock may have been on the floor for a moment or for an hour nothing in the record establishes how long the rock had been on the floor. The plaintiff in a slip-and-fall case must "come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." White, supra, emphasis added.
A very thorough review of the record indicates the plaintiff failed to come forward with the requisite evidence.
As further stated in White:

Constructive notice, at issue here, is defined by Section (C)(1). The definition is likewise clear and unambiguous. There is a temporal element included: "such a period of time..." The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall.
* * * * * *
A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried *54 the burden of proving constructive notice as mandated by the statute.
Id., 97-0393 at 4, 699 So.2d at 1084.
Although the dirty condition of the floor leads one to infer the area had not been cleaned in some time, there is nothing in the record from which one can draw the inference the merchant had constructive notice of the presence of the rock on the floor. Thus, plaintiff did not carry the burden of proving constructive notice as provided for by LSA-R.S. 9:2800.6 (1991) according to the Supreme Court's decision in White.
While proof of constructive knowledge may not be an impossible burden (as noted by the Supreme Court in White), it certainly is an onerous burden. The status of the law is that merchants can only be held liable when the slip and fall claimant can carry the burden of proving the injury causing condition was on the floor for such a period of time that the merchant would discover the condition in the exercise of reasonable care. We are constrained to require compliance with the applicable statutory and jurisprudential law. Diez v. Schwegmann Giant Supermarkets, Inc., 97-0034, p. 8 (La.App. 1 Cir. 2/20/98), 709 So.2d 243, 247.

CONCLUSION
For the reasons cited above, the judgment in favor of the plaintiff is reversed and judgment is rendered in favor of defendant dismissing plaintiff's claim with prejudice. Costs of appeal are accessed to the plaintiffappellee.
REVERSED and RENDERED.
CARTER, J., concurs with reasons.
KUHN and FOGG, JJ., dissent and assign reasons.
CARTER, J. Concurring.
I reluctantly agree with the majority opinion although I feel very strongly that the interpretation of LSA-R.S. 9:2800.6 in White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97); 699 So.2d 1081 very often places an almost insurmountable burden of proof on the plaintiff in a slip and fall case. However, although I may disagree with our supreme court, I cannot disobey its clear mandates.
On cross-examination the plaintiff testified:
Q. And you don't have any idea how long any dirt that had been tracked in that way into the store had been there before your accident do you?
A. I don't have no idea.
Q. Do you know where the rock that you slipped on came from?
A. I have no idea.
Q. Do you know how long it had been there?
A. I sure don't.
Q. Do you know if anyone from Wal-Mart knew the rock was there?
A. I don't know.
Q. Do you know if any employees could see the fall?
A. I'm not sure.
Further, there was no other evidence that the damage-causing condition existed for some period of time and that such time was sufficient to place the merchant defendant on notice of its existence.
Although I agree with Chief Justice Calogero's dissent in White, supra, I am constrained to follow the majority opinion that reverses the trial court in the case sub judice.
FOGG, J. Dissenting.
I respectfully dissent as I believe the plaintiff carried her burden of proving that Wal-Mart had constructive notice of the presence of the rock on the floor.
"Constructive notice" is defined in LSA-R.S. 9:2800.6 C as meaning "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." As set forth in the case of White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97); 699 So.2d 1081, the time period required by LSA-R.S. 9:2800.6 C need not be specific in minutes or hours; constructive notice requires only that the claimant prove the condition existed for some time period prior to the fall.
*55 In finding Wal-Mart liable, the trial court stated, in his reasons for judgment, that the area where plaintiff fell was very dirty with trash, cigarette butts, and the rock on which plaintiff fell. He concluded that the dirty condition of the floor showed that area had not been cleaned "in some time" and that Wal-Mart, in that period of time, should have seen the rock before plaintiff fell. The factual determinations of the trial court on the issue of constructive notice cannot be reversed on appeal unless the record reveals no reasonable basis for the finding and the finding is clearly wrong or manifestly erroneous. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La.1993). Herein, the testimony describing the dirty condition of the floor supports the trial court's determination that the rock was on the floor for such a period of time it would have been discovered if the merchant had exercised reasonable care. Therefore, I find no manifest error in the determination that, by putting forth evidence of the dirty condition of the floor, plaintiff carried that burden. For these reasons, I would affirm the judgment of the trial court.
KUHN, J., Dissenting.
I respectfully dissent. The majority has failed to apply the manifest error standard of review and has improperly substituted its judgment for the judgment of the trial court. The trial court obviously concluded that plaintiff established Wal-Mart had constructive notice of the rock which caused plaintiff's injuries based on circumstantial evidence, i.e., plaintiff's testimony regarding the floor of the lobby being dirty and littered with cigarette butts. Based on this testimony, the court must have determined that the rock had been present for some time and that Wal-Mart should have discovered the presence of the rock and removed it within that period of time. These findings are supported by the record and are not manifestly erroneous. Since Wal-Mart failed to demonstrate adequate maintenance of the area in question, the record fully supports the trial court's finding of liability.
The majority's approach precludes plaintiff from proving constructive notice by circumstantial evidence. White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97); 699 So.2d 1081, does not hold that plaintiff must put forth direct evidence demonstrating exactly how long an object has been on the floor in order to meet the burden of proof. Thus, a plaintiff should be allowed to prove constructive notice by circumstantial evidence. In this case, plaintiff established constructive notice of the rock by introducing evidence regarding the dirty condition of the floor. For these reasons, I would affirm the judgment of the trial court.
NOTES
[1] The case currently before the court was tried and decided when Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La.5/22/95), 655 So.2d 309 applied. White, supra, over-ruled Welch and placed a substantially more onerous burden on a slip-and-fall plaintiff. This court is obligated to apply the law as it exists at the time of appeal. Segura v. Frank, 93-1271, 93-1401 (La.1/14/94), 630 So.2d 714; Dripps v. Dripps, 366 So.2d 544 (La.1978); Magee v. Landrieu, 95-0437 p. 5 (La. App. 1 Cir. 3/17/95), 653 So.2d 62, 67.
[2] We note that the legislature has since amended LSA-R.S. 9:2800.6 by Acts 1996, 1st Ex.Sess., No. 8, § 1, effective May 1, 1996. The amended statute expressly applies only to causes of action arising on or after the effective date.