JOHN J. MOLAISON, JR., Judge.
| ..Plaintiff, New Progressive Lodge No. 262, Inc., appeals the granting of the Motion for Summary Judgment filed by defendants, Robert Hutcheson, C & R Distributing, and New Hampshire Insurance Company. For the reasons that follow, we reverse the judgment and remand this case for further proceedings.

PROCEDURAL HISTORY

This case arises out of an accident that occurred on December 22, 2008, which involved an 18-wheeler being driven by Hutcheson and an automobile being driven by Kenyon Lindsay. On November 17, 2009, New Progressive Lodge No. 262, Inc. filed a Petition for Damages alleging that defendants, Hutcheson, C & R Distributing (Hutcheson’s former employer), and New Hampshire Insurance Company (defendants’ insurance company) were liable for damages to its property and other related damages caused by Hutcheson’s negligence in connection with the December 2008 accident. On May 31, 2012, defendants filed a Motion for Summary Judgment contending that no genuine issues of material fact existed and plaintiffs claims should be dismissed with prejudice. A hearing was held on June [ a29, 2012, and the trial judge took the matter under advisement. On that same date, the trial judge granted the motion, issuing written reasons for judgment. This timely appeal followed.

FACTS

On December 22, 2008, at approximately 3:30 a.m., Hutcheson was traveling southbound on U.S. 61 (Airline Highway) in the right-hand lane while driving a 2007 Peter-built 18-wheeler that contained 7,500 gallons of diesel fuel. Hutcheson was in the process of transporting the diesel fuel from the Marathon Refinery in Garyville to Hammond. At that same time, Lindsay was traveling northbound on U.S. 61 in the continuous left-turn lane while driving a 1996 four-door Cadillac Deville, with a passenger in the vehicle. According to the police report, Lindsay turned left. As he did so, the front bumper of the 18-wheeler hit the passenger side of Lindsay’s vehicle, which was pushed southbound. Lindsay’s vehicle then slid into the left lane and came to a stop facing southwest in both the right and left lanes of U.S. 61 southbound.
The force of the impact caused the 18-wheeler to veer to the right and leave the *1197 roadway. It crossed the ditch to the west side of U.S. 61 and hit the two-and-a-half foot ledge of an elevated concrete parking lot with its front tires. The front set of the 18-wheeler’s tires as well as a rear set were sheared off and remained at the edge of the concrete parking lot. The tractor and trailer portions of the 18-wheeler overturned onto the concrete parking lot and came to rest upside down approximately five feet east of a building owned by Progressive Lodge. The 18-wheeler ignited, catching that vehicle and its cargo on fire. The building sustained damage from exposure to the fire.
Lindsay was transported by Acadian Air Ambulance to Our Lady of the Lake Hospital for treatment of his injuries. Blood was taken at the hospital, and 14the results showed that Lindsay had .10 gram percent alcohol in his blood at 6:10 a.m. Defendants’ expert toxicologist determined' that Lindsay was highly intoxicated with alcohol at approximately twice the legal limit at the time of the accident. Lindsay, who was found unconscious and unresponsive at the scene, was highly disoriented when he regained consciousness. He told the officer that he only remembered turning left at the gas station. Lindsay was cited for failure to yield while turning left and driving with a suspended driver’s license.
Meanwhile, Hutcheson was transported to River Parishes Hospital. He voluntarily gave a breath sample, which came back negative. Officer Blake LeMoine of the Louisiana State Police did not suspect that Hutcheson was impaired by alcohol or drugs at the time of the accident. However, a drug test was conducted a couple of hours after the accident, and the results showed the presence of marijuana. Hutcheson denied ingesting marijuana at any time. Defendants’ expert toxicologist explained that Hutcheson’s behavior and physical presentation at the scene of the accident and at the hospital indicated that he could not have been acutely intoxicated with marijuana at the time of the accident.

LAW AND DISCUSSION

On appeal, plaintiff argues that the trial judge erred by granting defendants’ Motion for Summary Judgment because there are genuine issues of material fact that preclude the granting of summary judgment. Plaintiff asserts that there are genuine issues of material fact regarding whether Hutcheson appropriately anticipated and responded to a left-turning motorist, and whether Hutcheson was illegally traveling on U.S. 61. It alleges that Hutcheson was inattentive prior to colliding with the Cadillac, as evidenced by his deposition testimony where he states that the other car ran into him before he had time to think “or look up,” and where Hutcheson states that he could not have gone left around the other car |5because there were more cars to his left than to his right, even though the surveillance video from a neighboring gas station did not show any cars to his left. Plaintiff also contends that there are genuine issues of material fact as to whether Hutcheson took evasive action, turned his wheel, and maintained control prior to impact. It argues that a trier of fact must be given the opportunity to assess the nature of the conduct of the two drivers and the degree of fault.
Plaintiff further argues that genuine issues of material fact exist regarding the weight of Hutcheson’s tractor trailer. It notes that Hutcheson was unsure in his July 21, 2011 deposition of the empty or gross weight of his truck, and that Hutche-son said that nobody weighed and approved the transportation of the load prior to him taking it on the roadway. Plaintiff relies on the affidavit of its expert, John Ramirez, attached to his memorandum in opposition, to prove that the total weight *1198 of Hutcheson’s tractor and trailer exceeded the weight limit allowed on U.S. 61.
Additionally, plaintiff asserts that there are genuine issues of material fact regarding Hutcheson’s impairment at the time of the accident, as evidenced by his testing positive for marijuana after the accident, his attention to the road, and his speed prior to impact. Again, plaintiff relies on his expert, Ramirez, who attests in his affidavit that Hutcheson should have been able to slow his 18-wheeler after impact. Lastly, plaintiff argues that the sudden emergency doctrine is inapplicable in this case, because Hutcheson brought the emergency on himself since he did not use due care to avoid it.
Defendants respond that the trial judge properly granted the Motion for Summary Judgment as there are no genuine issues of material fact. They contend that the clear and sole cause of the accident was the negligence and gross fault of Lindsay, a severely intoxicated driver who suddenly and without warning turned | ^directly into the path of oncoming traffic and the path of Hutcheson’s truck. They argue that the sudden emergency doctrine absolves Hutcheson of liability, in that there was nothing that Hutcheson could have done to avoid the accident or the damage that ensued.
Defendants contend that plaintiffs exhibits were not introduced into evidence at the hearing and, therefore, they should not be considered on appeal. Alternatively, defendants argue that the affidavit of plaintiffs expert, John Ramirez, is incompetent evidence, as it contains only conclu-sory opinions and allegations that are mere speculation, not based in fact, and not made on personal knowledge. Further, defendants assert that plaintiffs alleged material facts are mere distractions, and that none of these issues, even if supported'by evidence, would constitute material facts precluding summary judgment. They maintain that there was no evidence that Hutcheson’s truck was overweight or that he was not using reasonable care before the accident.
Appellate courts review a district court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Hines v. Garrett, 04-806, p. 1 (La.6/25/04), 876 So.2d 764, 765. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. An issue is a genuine issue if it is such that reasonable persons could disagree; if only |7one conclusion could be reached by reasonable persons, summary judgment is appropriate, as there is no need for trial on that issue. Id. Whether a particular fact is material can be seen only in light of the substantive law applicable to the case. Hubbard v. Jefferson Parish Parks and Recreation, 10-24, p. 6 (La.App. 5 Cir. 5/25/10), 40 So.3d 1106, 1110, writ denied, 10-1486 (La.10/1/10), 45 So.3d 1102.
Summary judgment procedure is intended to make a just and speedy determination of every action. LSA-C.C.P. art. 966. It is favored and the procedure shall be construed to achieve this intention. Id. Under LSA-C.C.P. art. 966, the initial burden is on the mover to show that no genuine issue of material fact exists. If the *1199 moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, the nonmoving party then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. LSA-C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. LSA-C.C.P. arts. 966 and 967; Paternostro v. Wells Fargo Home Mortg., Inc., 09-469, p. 5 (La.App. 5 Cir. 12/8/09), 30 So.3d 45, 48.
An oncoming motorist has a right to assume that a left-turning motorist will obey the law and will yield the right-of-way to the oncoming traffic. Anderson v. May, 01-1031, p. 5 (La.App. 5 Cir. 2/13/02), 812 So.2d 81, 84. However, the favored driver can still be found contribu-torily negligent if their substandard conduct contributed to the cause of the accident. Id.
The sudden emergency doctrine is available to a person who finds himself in a position of imminent peril and does not have sufficient time to consider and weigh all of the best means available to avoid that impending danger. Hickman v. Southern Pacific Transport Co., 262 La. 102, 262 So.2d 385, 389 (La.1972). SuchRa person is not guilty of negligence if he fails to adopt what subsequently and upon reflection may have been a better means to avoid the peril, unless the emergency in which he finds himself is brought about by his own negligence. Id.
In the instant case, the trial judge granted the Motion for Summary Judgment, finding that plaintiff had not shown how its expert would be able to prove the weight of defendant’s truck at the time of impact, as most of the diesel fuel was burned as a result of the accident. She also found that plaintiff came forth with no evidence to substantiate its claim that Hutcheson was driving illegally on U.S. 61 in St. John Parish at the time of the subject accident and, therefore, defendant was at a place where he had a right to be. The trial judge further found that defendant’s statement that he “looked up” prior to the impact did not necessarily mean that he was looking down before the accident, and, that it might have been a “figure of speech.” She concluded that plaintiff had failed to show how it would meet its burden of proof in this case.
On appeal, defendants contend that plaintiff’s exhibits were not introduced into evidence at the hearing and, therefore, we should not consider them on appeal.
LSA-C.C.P. art. 966 was amended by Acts 2012, No. 257, § 1, and Acts 2012, No. 741, § 1, with an effective date of August 15, 2012. Prior to these amendments, LSA-C.C.P. art. 966B provided in pertinent part that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. [Emphasis added]. The words “on file” were deleted by the 2012 amendments. Additionally, the amendments added a second paragraph to LSA-C.C.P. art. 966E, which provides that only evidence admitted | ¡¡for purposes of the motion for summary judgment shall be considered by the court in its ruling on the motion.
Here, both defendants and plaintiff filed pleadings with attached exhibits into the record. Additionally, defendants introduced exhibits into evidence at the hearing; however, plaintiff did not. Nevertheless, the Motion for Summary Judgment was heard and judgment was rendered on June 29, 2012, which was before the Au *1200 gust 15, 2012 effective date of the amendments to LSA-C.C.P. art. 966. Therefore, we have reviewed all pleadings and exhibits filed by both parties, and we have also reviewed the exhibits introduced into evidence at the hearing.
Upon review, we find that there are genuine issues of material fact that preclude summary judgment. There is a genuine issue of material fact as to whether Hutcheson bears some negligence in causing the accident and whether he should be assigned some degree of fault. In his July 21, 2011 deposition, Hutcheson testified as to how the accident occurred:
I left Marathon after I loaded. Then I was headed back down Highway 61. I was approaching the first traffic light watching it. I saw a car sitting in the center turning lane. The next thing I know, here he comes.
Hutcheson subsequently explained that he did not recall when he first saw that vehicle sitting in the center lane. Afterward, Hutcheson was asked to complete his version of events. Hutcheson testified:
Well, I was watching the traffic light. Then the next thing I know, here comes this car. He run [sic] into me before I had time to even think or look up. [Emphasis added].
Hutcheson’s testimony that the other car ran into him before he had time to “look up” implies that Hutcheson was looking down at the time of the accident and, therefore, inattentive. There is no evidence to show that Hutcheson’s testimony that he looked up prior to the impact was a “figure of speech.”
[inWe also find that there is a genuine issue of material fact as to whether Hutcheson was speeding prior to the accident. Officer LeMoine testified in his August 26, 2011 deposition that the speed limit on U.S. 61 where the accident occurred was 55 miles per hour. Hutcheson testified in his July 21, 2011 deposition that he was going 50 to 55 miles per hour as he was traveling down U.S. 61 prior to the accident. However, Lindsay testified in his deposition that Hutcheson was going approximately 60 miles per hour right before the collision. Lindsay based that estimate on the fact that he thought he could make it across U.S. 61, but Hutcheson came upon him “so fast” he was unable to do so. Lindsay indicated that Hutcheson had to be going pretty fast to close the distance.
We further find that there is a genuine issue of material fact as to the weight of Hutcheson’s tractor trailer at the time of the accident. Both plaintiff and defendants agreed that Hutcheson was carrying 7,500 gallons of diesel fuel; however, the weight of the empty tractor trailer is unclear. In his July 21, 2011 deposition, Hutcheson testified that he did not know the weight of the empty trailer “exactly,” but that the tractor and trailer combined was “weighted for” 80,000 pounds. He later testified that he did not know the weight of the “load itself,” but that the “ball park” weight was 78,000 pounds. Hutcheson subsequently testified that nobody weighed and approved the transportation of the load prior to him taking it on the roadway, thus indicating that his prior testimony as to weight was speculative and conclusory.
In sum, we find that there remain genuine issues of material fact regarding whether Hutcheson was inattentive and/or speeding at the time of the accident, and whether he had sufficient time to consider and weigh the circumstances in order to take action to avoid striking Lindsay’s vehicle. We further find that there remains a genuine issue of material fact regarding the weight of Hutcheson’s tractor trailer |nat the time of the accident. These find *1201 ings pretermit a discussion of plaintiffs remaining assignments of error.

CONCLUSION

Finding that genuine issues of material fact exist, the trial court’s judgment is reversed and this matter is remanded for further proceedings.

REVERSED AND REMANDED