JUDE G. GRAVOIS, Judge.
| ¡¡Appellants, Soundra J. Temple and Johnson Property Group, L.L.C. (“JPG”), appeal a summary judgment rendered in favor of plaintiffs, Woodlands Development, L.L.C., Anthony Reginelli, Jr., Shauna Landry Reginelli, Peter R. Steur, and Lee R. Steur (collectively “Woodlands”), and against Ms. Temple and JPG, in soli-do, for the principal sum of $400,000, plus interest and attorney’s fees, pursuant to an Agreement of Purchase and Sale, Promissory Note, and Personal Guaranty agreements executed by Ms. Temple and JPG.
After thorough consideration of this matter, we vacate the summary judgment in question because Woodlands failed to comply with the requirements of Louisiana Code of Civil Procedure article 966 in effect at the time the matter was heard and submitted, regarding the introduction and admission of supporting documents into evidence at the hearing on the motion for partial summary judgment.
| ^PROCEDURAL HISTORY
This case has been to this Court on two prior appeals. The facts and dealings of *228 the parties are adequately set forth in the first appeal, Woodlands Developpient, L.L.C. v. Regions Bank, 11-263 (La.App. 5 Cir. 12/28/11), 83 So.3d 147, writ denied, 12-424 (La.4/9/12), 85 So.3d 704, and need not be repeated here.
Pertinent to this appeal, Woodlands filed a motion for partial summary judgment against Ms. Temple and JPG in August of 2010, seeking a judgment against Ms. Temple and JPG in solido on a promissory note in the principal sum of $400,000, plus interest and attorney’s fees. Woodlands also sought a declaration that Ms. Temple and JPG owed Woodlands indemnification in the event that Regions Bank sought to collect an indebtedness on a separate note from Woodlands to Regions Bank. Ms. Temple and JPG filed oppositions to Woodlands’ motion for partial summary judgment.
Woodlands’ motion for partial summary judgment came up for a hearing on June 1, 2012. However, the trial court continued the hearing after noting that some of the documents attached by Woodlands to its motion appeared to be incomplete and/or unreadable. The parties were allowed limited additional filings regarding the motion. Woodlands’ motion (along with other matters) was taken up again at a hearing conducted on August 24, 2012. The matter was then taken under advisement. The trial court issued its written judgment (with reasons) in favor of Woodlands on September 18, 2012.

ANALYSIS

Louisiana Code of Civil Procedure article 966 was substantially amended during the 2012, 2013, and 2014 legislative sessions. The amendments significantly changed the requirements of proof before summary judgment can be granted.
|,.¡Prior to August 1, 2012, Section B.(2) of Article 966 provided, in pertinent part:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
Acts 2012, No. 257, § 1, of the Louisiana Legislature, effective on August 1, 2012, amended Article 966 to eliminate the “on file” language contained in Section B.(2), such that Section B.(2) then provided, in pertinent part:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
This amendment also added Section E.(2) to Article 966, which provided:
Only evidence admitted for purposes of the motion for summary judgment shall be considered by the court in its ruling on the motion.
Acts 2013, No. 391, § 1, of the Louisiana Legislature, effective on August 1, 2013, amended Article 966 to clarify what constitutes evidence “admitted for purposes of the motion for summary judgment.” This amendment redesignated Section E.(2) as F.(2), which provided:
Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. Only evidence admitted for purposes of the motion for *229 summary judgment may be considered by the court in its ruling on the motion,
and added Section F.(3), which provided:'
Objections to evidence in support of or in opposition to a motion for summary judgment may be raised in memorandum or written motion to strike stating the specific grounds therefor.
| fiActs 2014, No. 187, § 1, of the Louisiana Legislature, effective on August 1, 2014, amended Article 966 again, adding one sentence to Section F.(2) and one sentence to Section F.(3). Accordingly, Section F.(2) currently provides:
Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance "with Subparagraph (3) of this Paragraph. Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion. The court may permit documentary evidence to be filed in the record with the motion or opposition in any electronically stored format authorized by the local court rules of the district court or approved by the clerk of the district court for receipt of evidence.
and Section F.(3) currently provides:
Objections to evidence in support of or in opposition to a motion for summary judgment may be raised in memorandum or written motion to strike stating the specific grounds therefor. Any such memorandum or written motion to strike shall be served pursuant to Article 1313 within the time limits provided in District Court Rule 9.9.
Recently, in Mason v. T & M Boat Rentals, LLC, 13-1048 (La.App. 4 Cir. 3/19/14), 137 So.3d 741, 744-45, the Louisiana Fourth Circuit Court of Appeal concluded that the 2013 amendment to Article 966 is “substantive in nature,” and therefore is not to be applied retroactively, reasoning as follows, to-wit:
La. C.C. art. 6 provides that “[i]n the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.” Although La. C.C.P. art. 966 is contained in the Louisiana Code of Civil Procedure, its retro-activity is not presumed. This Court must “engage in a two-fold inquiry.” Cole v. Celotex Corp., 599 So.2d 1058, 1063 (La.1992). “First, we must ascertain whether in the enactment the legislature expressed its intent regarding retrospective or prospective application.” Id. “If the legislature did not, we must classify the enactment as substantive, procedural or interpretive.” Id. “Substantive laws either establish new rules, rights, and duties or change existing ones.” St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809, 817 (La.1992). “Interpretive laws, on the other hand, do not create new rules, but merely establish the meaning that the interpretive statute had from the time of its enactment.” Id. “When an existing law is not clear, a subsequent statute clarifying or explaining the law may be regarded as interpretive, and the | interpretive statute may be given retrospective effect because it does not change, but merely clarifies, pre-existing law.” Id.
The version of La. C.C.P. art. 966 in effect at the time of the hearing and the trial court’s ruling required that evidence used to support or oppose a motion for summary judgment be “admitted” instead of simply being “on file.” Therefore, the statute, at the time, required the mover to offer, introduce, and receive permission from the trial court *230 to admit evidence into the record on a motion for summary judgment. This also placed an onus on the opponent to object to any evidence “admitted” by the trial court. That amendment placed new duties upon both the mover and the opponent of a motion for summary judgment in order to ensure that only “admitted” evidence was in the record as opposed to being “on file.” The amendment to La. C.C.P. art. 966 currently in effect provides that “[e]vidence cited in and attached to the motion for summary judgment ... is deemed admitted.” Thus, the new amendment removed the duties the previous version placed upon both parties and changed the parties’ required duties. Accordingly, we find that Acts 2013, No. 391, § 1 is substantive in nature and cannot be applied retroactively because to do so would remove the Defendants’ responsibility to introduce evidence and deprive Mr. Mason’s right to object to the admission of evidence the trial court was required to approve and deem admitted.
Although the Fourth Circuit in Mason reached its conclusion regarding only the 2013 amendment to Article 966, its thorough analysis compels the same conclusion regarding the 2012 amendment to Article 966. The court found that “[the 2012] amendment placed new duties upon both the mover and the opponent of a motion for summary judgment in order to ensure that only ‘admitted’ evidence was in the record as opposed to being ‘on file.’ ” Mason at 744. And because the 2013 amendment changed the parties’ required duties, the Fourth Circuit reasoned that it was a “substantive in nature” amendment that cannot be applied retroactively because to do so would remove the mover’s responsibility to introduce evidence and deprive the respondent’s right to object to the admission of evidence the trial court was required to approve and deem admitted. See id. From this, it follows that the 2012 amendment’s original addition of these duties likewise rendered it “substantive in nature.” Indeed, “[s]ubstantive laws either establish |8new rules, rights, and duties or change existing ones.” St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809, 817 (La.1992).
Further, just as the Fourth Circuit did in Mason, supra, this Court has previously applied the version of Article 966 in effect at the time of the hearing on the motion for summary judgment.[1]

CONCLUSION

In conclusion, our thorough review of the record of this matter indicates that the documentary evidence attached to Woodlands’ motion for partial summary judgment, as well as the documentary evidence attached to the opposition thereto, were never offered into evidence at either hearing on the motion, and as such, were never “admitted” by the trial court for purposes of the motion for partial summary judgment. Accordingly, we are compelled to vacate summary judgment rendered on September 18, 2013 in favor of Woodlands and against Ms. Temple and JPG and remand the matter for further proceedings consistent with the views expressed herein.

VACATED AND REMANDED.

. See Gutierrez v. State Farm Fire & Cas. Ins. Co., 13-341 (La.App. 5 Cir. 10/30/13), 128 So.3d 509, 511-12, citing Marengo v. Harding, 13-47, p. 5 (La.App. 5 Cir. 5/16/13), 118 So.3d 1200, 1202. See also New Progressive Lodge No. 262, Inc. v. Hutcheson, 12-872 (La. App. 5 Cir. 6/27/13), 140 So.3d 1195, reh’g denied (July 16, 2013), writ denied, 13-1943 (La.l 1/8/13), 125 So.3d 457; Commc'n & Tech. Indus., Inc. v. Global Hunter Sec., Inc., 12-861 (La.App. 5 Cir. 5/16/13), 116 So.3d 917, 922.