SUSAN M. CHEHARDY, Chief Judge.
bOn appeal, plaintiff-customer challenges the summary judgment, dismissing her action for damages against defendant-merchant for a slip-and-fall on defendant’s premises. For the following reasons, we affirm.

Facts and Procedural History

On November 27, 2009, Sylvia Scott, plaintiff-herein, entered the Dillard’s Department Store at Esplanade Mall in Ken-ner, Louisiana to shop its “Black Friday” sale, which began at 8:00 a.m. Upon entering the exterior door at approximately 8:30 a.m., Ms. Scott stepped on a clear plastic “cling” sign that was on the floor, slipped, and fell onto the floor of the vestibule. Although initially Ms. Scott refused medical treatment, she eventually sought medical treatment, including pain management, physical therapy, and surgery.
*470 On November 23, 2010, Ms. Scott filed suit against “Dillard’s, Inc., a/k/a Dillard Department Stores, Inc.” for personal injuries that she sustained as a result of her slip-and-fall within their premises. On December 6, 2010, Dillard’s[1] answered Ms. Scott’s suit, denying all of her allegations.
[3On June 12, 2012, Dillard’s moved for summary judgment on the basis that Ms. Scott could not bear her burden of proof under La. R.S. 9:2800.6 that Dillard’s created the hazard in question or had actual or constructive notice of the hazard. To its motion for summary judgment, Dillard’s attached excerpts from Ms. Scott’s deposition.
On July 9, 2014, Ms. Scott filed her opposition to Dillard’s motion for summary judgment contending that there clearly existed a genuine issue of material fact as to whether Dillard’s had constructive notice of the hazard in question. To her opposition, Ms. Scott attached her entire deposition; a copy of the front of the “cling” sign and the back of the sign showing one full and one partial footprint; a copy of Dillard’s “Customer Accident Investigation Report” of her fall on November 27, 2009, which included photographs taken by Dillard’s employee, “A. Richardson;” the deposition with exhibits of Dillard’s former employee, Kristina Claudet-Theriot; and depositions without exhibits of Dillard’s representatives, Michael Fuller Jones, Debora Ann Bryant, and David John Luster.
On July 28, 2014, after a hearing, the trial judge, relying on Flowers v. Wal-Mart Stores, Inc., 12-140 (La.App. 5 Cir. 07/31/12), 99 So.3d 696, 697, granted summary judgment in favor of Dillard’s on the basis that Ms. Scott had “failed ... to ... make a positive showing that the sign had been there for some time” and “there was no evidence that Dillard’s created the risk of harm.” Ms. Scott appeals that ruling.

Law and Argument

Standard of Review

1 On appeal, our review of summary judgments is de novo, using “the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the | ¿mover is entitled to judgment as a matter of law.” Champagne v. Ward, 03-3211 (La.1/19/05), 893 So.2d 773, 776; Robinson v. Jefferson Parish Sch. Bd., 08-1224 (La.App. 5 Cir. 4/7/09), 9 So.3d 1035, 1043, writ denied, 09-1187 (La.9/18/09), 17 So.3d 975.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). The procedure is favored and shall be construed to accomplish these ends. Robinson, supra. The version of La. C.C.P. art. 966(B)(2)[2] in *471 effect at the time of the summary judgment hearing provided,[3] “The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
Ordinarily, the movant bears the burden of proof on a motion for summary judgment. La. C.C.P. art. 966(C)(2). If the movant meets this initial burden, the burden then shifts to the adverse party to present factual support adequate to establish that he will be able to satisfy the evidentiary burden at trial. Champagne, supra at 776-77; Robinson, supra at 1043. Thereafter, if the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. Id. The decision as to the |fipropriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. Muller v. Carrier Corp., 07-770 (La.App. 5 Cir. 4/15/08), 984 So.2d 883, 885.

Substantive Law

On appeal, Ms. Scott argues that the trial court erred in granting Dillard’s motion for summary judgment as there exist genuine issues of material fact regarding whether Dillard’s had “constructive notice” of the hazard in question and whether Dillard’s exercised reasonable care in inspecting its premises before opening that day.
In slip-and-fall cases, the plaintiff bears the initial burden of proving each element of her cause of action under La. R.S. 9:2800.6(B). White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081,1082.
La. R.S. 9:2800.6 provides:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant. shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
*472 |fiC. Definitions:
(1) ‘Constructive notice’ means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
(2) ‘Merchant’ means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.
Where a claimant relies upon constructive notice, as defined in La. R.S. 9:2800.6(C)(1), as Ms. Scott does here, the claimant must establish that the damage-causing condition existed for a period of time sufficient to place the merchant on constructive notice of the condition’s existence. To prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care. White, supra at 1086.
Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. White, supra at 1084-85; Flowers v. Wal-Mart Stores, Inc., 12-140 (La.App. 5 Cir. 07/31/12), 99 So.3d 696, 699. The evidence required to prove the temporal element may be either direct or circumstantial. Flowers, supra.
Thus, a claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not |7carried the burden of proving constructive notice as mandated by the statute. White, supra at 1084; Flowers, supra at 700. Proof of constructive knowledge in these cases is an onerous burden. Cooper v. Wal-Mart Stores, Inc., 97-1723 (La.App. 1 Cir. 12/9/98), 725 So.2d 51, 54. Finally, because the statute requires that a plaintiff must prove each of these elements, “the failure to prove any is fatal to the claimant’s cause of action.” White, supra at 1086.
In this ease, the issue that was presented to the district court, and is before this Court, is whether Ms. Scott proved Dillard’s had “constructive notice” of the damage-causing condition.
In her deposition, Ms. Scott stated that, about 8:30 a.m. on November 27, 2009, which was “Black Friday,” she entered the foyer of Dillard’s at Esplanade Mall, stepped on something, “slipped and went down on [her] back.” When she looked at her foot, she noticed “this calendar on the floor stuck to my foot.” Ms. Scott had not noticed the sign on the floor before stepping on it. She did notice that there was another partial footprint on the sign, which did not belong to her. She did not see the sign fall on the floor. She did not know how long the sign had been on the floor.
Dillard’s representatives testified that the “cling” sign that was on the floor was *473 applied with adhesive to the outer surface of the exterior doors and was very unlikely to fall off the door. Further, the vestibule had been cleaned and any debris removed from the floor that morning before the store opened at 8:00 a.m. and, as it was “Black Friday” and large crowds were expected, a manager had inspected the area before opening the doors that morning.
In this case, we And that Dillard’s pointed to an absence of factual support for an essential element of Ms. Scott’s cause of action under La. R.S. 9:2800.6 because Ms. Scott was unable to prove that Dillard’s had “constructive notice” of |sthe condition by showing that the “cling” sign was on the floor for some period of time before her fall. Accordingly, we find, as the district court did, that Dillard’s was entitled to judgment as a matter of law.

Decree

Based on the foregoing, the trial court judgment is affirmed. All costs are assessed against plaintiff-appellant, Sylvia Scott.

AFFIRMED

. According to its answer, Higbee Louisiana, LLC does business in Louisiana as Dillard's, which is also known as Dillard's Department Stores. For simplicity, although the company’s proper name is Higbee, we will refer to defendant as Dillard's.

. Pursuant to Acts 2013, No. 391, § 1, approved on June 18, 2013, and effective on August 1, 2013, La. C.C.P. art. 966(B)(2) was revised. Further, La. C.C.P. art. 966(F)(2) was revised to read as follows:
Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment.... Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion. (Emphasis added).
See, Woodlands Dev., L.L.C. v. Regions Bank, 13-226, 2014 La.App. Lexis 2578 (La.App. 5 Cir. 10/29/14), 164 So.3d 226, 2014 WL 5463041 writ denied, 14-1732, 2014 La. Lexis 2524 (La.11/7/14), 152 So.3d 179; Mason v. T & M Boat Rentals, LLC, 13-1048 (La.App. 4 Cir. 03/19/14), 137 So.3d 741, 743-44.

. See Woodlands Dev., L.L.C. v. Regions Bank, supra at n. 1; Gutierrez v. State Farm Fire & Cas. Ins. Co., 13-341 (La.App. 5 Cir. 10/30/13), 128 So.3d 509, 511-12; Marengo v. Harding, 13-47 (La.App. 5 Cir. 5/16/13), 118 So.3d 1200, 1202; New Progressive Lodge No. 262, Inc. v. Hutcheson, 12-872 (La.App. 5 Cir. 6/27/13), 140 So.3d 1195, reh’g denied (7/16/13), writ denied, 13-1943 (La.11/8/13), 125 So.3d 457; Commc'n & Tech. Indus., Inc. v. Global Hunter Sec., Inc., 12-861 (La.App. 5 Cir. 5/16/13), 116 So.3d 917, 922.